## In re GARDNER ZEMKE COMPANY

### No. 08–97–00471–CV.

Court of Appeals of Texas,
El Paso.

May 21, 1998.

Bruce Yetter, El Paso, for relator.

Philip Martinez, pro se.

Edurado Miranda, Ray, McChristian, & Jeans, P.C., El Paso, for R.E.Thomason Gen. Hosp.

Before BARAJAS, C.J., and McCLURE, and CHEW, JJ.

## OPINION

McCLURE, Justice.

Gardner Zemke Company (Gardner Zemke) seeks mandamus relief complaining of the denial of its motion to compel arbitration. We conditionally grant the writ of mandamus.

## SUMMARY OF THE EVIDENCE

### *Factual History*

Gardner Zemke entered into two construction contracts with the El Paso County Hospital District, d/b/a R.E. Thomason General Hospital (Thomason). As general contractor, Gardner Zemke contracted to install electrical systems at Thomason's central power plant. Construction of both projects was delayed and a contractual dispute arose concerning the performance of the contract by Gardner Zemke.

The contracts contained provisions for dispute resolution. Pursuant to the contracts, a claim is defined as:

[A] demand or assertion by one of the parties seeking, as a matter or right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term 'Claim' also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract.

As to disputes, the contracts provide that:

Claims, including those alleging an error or omission by the Construction Manager or Architect, shall be referred initially to the Architect for action .... A decision by the Architect ... shall be required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due ....

The contracts also address arbitration:

**4.9 ARBITRATION**

**4.9.1 Controversies and Claims Subject to Arbitration.**

*Any controversy or Claim arising out of or related to the Contract, or the breach*

*thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof* .... Such controversies or Claims upon which the Architect has given notice and rendered a decision ... shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect as provided in Paragraph 4.7 and no decision has been rendered. [Emphasis in original.]

### *Procedural History*

Gardner Zemke filed two demands for arbitration with the American Arbitration Association. Thomason filed an answer, a counterclaim, and a plea in bar, the latter asserting that because certain conditions precedent had not been met, arbitration was premature. On April 10, 1997, the American Arbitration Association panel assigned to the case denied the plea in bar.

Shortly thereafter, Thomason filed a declaratory judgment action alleging a breach of contract by Gardner Zemke. Gardner Zemke replied by filing a motion to compel arbitration and to stay litigation. In turn, Thomason filed a motion to stay arbitration. The trial court denied Gardner Zemke's motion to compel and granted Thomason's motion to stay arbitration. This mandamus follows.

In its petition for writ of mandamus, Gardner Zemke claims that the arbitrators' decision denying Thomason's plea in bar should be enforced and arbitration compelled. It further contends that the arbitration agreement, including the condition precedent language, was itself arbitrable and not for the trial court to determine. Finally, Gardner Zemke maintains that it was entitled to "cure" any defect in its demand for arbitration.

### STANDARD OF REVIEW

■ Gardner Zemke bears the burden of providing a sufficient record to establish its right to mandamus relief. *See* TEX.R APP.P. 52.3, 52.3(g). Mandamus relief is available to a party who is improperly denied arbitration under an agreement that incorporates the Federal Arbitration Act (the Act). *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex.1996)(orig.proceeding); *Circuit City Stores, Inc. v. Curry*, 946 S.W.2d 486, 488 (Tex.App.—Fort Worth 1997, orig. proceeding); *Hardin Const. Group, Inc. v. Strictly Painting, Inc.*, 945 S.W.2d 308, 311 (Tex.App.—San Antonio 1997, orig. proceeding). Mandamus relief will lie only to correct a clear abuse of discretion by the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding).

### WHICH LAW APPLIES?

■ A threshold issue is whether the Act applies to this arbitration clause. We have already detailed the specifics of the contractual provision. To be a valid arbitration agreement under the Act there must be evidence that a written agreement exists and that the claims raised are within the scope of the agreement. *Capital Income Properties–LXXX v. Blackmon*, 843 S.W.2d 22, 23 (Tex. 1992); *BWI Companies, Inc. v. Beck*, 910 S.W.2d 620, 621–22 (Tex.App.—Austin 1995, orig. proceeding). Clearly, the arbitration agreement here was in writing and involved claims within the scope of the agreement.

■ The Act applies to an arbitration agreement in a contract evidencing a transaction involving "commerce." 9 U.S.C. § 2 (1987); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex.1992). *Hou–Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 204–05 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). "Commerce" is broadly construed and encompasses contracts relating to interstate commerce. *Hou–Scape, Inc.*, 945 S.W.2d at 205. Gardner Zemke's verified motion to compel arbitration alleged that the construction contracts involved interstate commerce. Thomason did not contest this assertion here or below. Consequently, we hold that the Act applies to this arbitration clause. *Id.*

■ When the Act applies, federal law determines whether a dispute is arbitrable

and we turn to federal common law to interpret the arbitration clause at issue. *Id.* The seminal case concerning allocation of the responsibility for determining arbitrability is *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). *City of Lubbock v. Hancock,* 940 S.W.2d 123, 126 (Tex.App.—Amarillo 1996, orig. proceeding). A central issue there was "whether the courts or the arbitrator is the appropriate body to decide whether procedural prerequisites which, under the bargaining agreement, condition the duty to arbitrate have been met." *Id.* [internal citations omitted]. In addressing this issue, the court distinguished between substantive arbitrability, i.e., whether the issue in dispute is encompassed by an agreement to arbitrate, and procedural arbitrability, which included issues such as *the satisfaction of conditions precedent* to an obligation to arbitrate. [Emphasis added]. *Id.* Noting the close relationship between the merits of a dispute and procedural arbitrability, the court concluded that questions of procedural arbitrability should be left to the arbitrator. *Id.; see also Smith Barney Shearson, Inc. v. Boone,* 47 F.3d 750, 753–54 (5th Cir.1995) (prerequisites to an arbitrator's jurisdiction are issues of procedural arbitrability that must be decided by the arbitrator).

### TRIAL COURT'S ROLE WHEN ARBITRATION AGREEMENT EXISTS

Once a party seeking to compel arbitration establishes that an agreement exists under the Act and that the claims raised are within the agreement's scope, the trial court must compel arbitration. *See Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996)(orig.proceeding). When considering Gardner Zemke's motion to compel arbitration, the court's only task was to determine the existence of an agreement to arbitrate and whether the dispute was within the scope of that agreement. *Merrill Lynch, Pierce, Fenner & Smith v. Eddings,* 838 S.W.2d 874, 878 (Tex.App.—Waco 1992, writ denied). The trial court is not authorized to address questions of procedural arbitrability such as the satisfaction of conditions precedent to a right of arbitration.

*Hancock,* 940 S.W.2d at 127. The trial court here specifically stated that the only reason it stayed the arbitration proceedings was because the condition precedent was not met. The trial court's ruling was outside the permissible scope of its authority and consequently constitutes a clear abuse of discretion. Accordingly, we conditionally grant the writ of mandamus which will issue only if Respondent fails to vacate his order denying the motion to compel arbitration.