**RUSS BERRIE AND COMPANY, INC., Appellant,**

v.

**Michael GANTT, Appellee.**

No. 08–98–00387–CV.

Court of Appeals of Texas, El Paso.

Aug. 5, 1999.

Ellen M. House, Cotton Bledsoe, Tighe & Dawson, P.C., Midland, for Appellant.

Denis Dennis, MacMahon, Tidwell, Hansen, Atkins & Peacock, P.C., Odessa, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an interlocutory appeal from the denial of a motion to compel arbitration and stay litigation. Finding no evidence in this record that the parties' contract had a substantial affect upon commerce, we initially determine that the Texas General Arbitration Act applies,[1] rather than the Federal Arbitration Act,[2] that this interlocutory appeal is appropriate, and we therefore have jurisdiction. We next determine that the agreement here, an at-will contract with a binding arbitration clause interpreted under New Jersey law, is not illusory. We therefore reverse the trial court's denial of the motion to compel arbitration.

### INTERLOCUTORY APPEAL OR MANDAMUS

■ This case reaches us as a direct appeal. We therefore must initially determine whether the contract here is subject to the Federal Arbitration Act or the Texas General Arbitration Act. This is a threshold issue because a litigant seeking enforcement of an arbitration provision under the FAA must pursue relief through

---

1. TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–171.098 (Vernon 1997 & Supp.1999).

2. 9 U.S.C. §§ 1–16 (1999).

writ of mandamus,[3] whereas a party asserting the TGAA may seek an interlocutory appeal.[4] If a party is unsure which act applies, it must file both an interlocutory appeal and a mandamus to insure our jurisdiction is invoked.[5] Here, we have jurisdiction only if the TGAA applies, as Russ Berrie has put all its appellate eggs in the interlocutory appeal basket. At oral argument, both parties stated they believe the TGAA applies in this case, and appellee does not challenge our jurisdiction to hear this interlocutory appeal. Nevertheless, this is a matter of subject matter jurisdiction and we must determine *sua sponte* whether we have the authority to hear this action as framed; the parties cannot confer jurisdiction by agreement.

 Under the Supremacy Clause of the United States Constitution, in applicable cases [6] the FAA preempts all otherwise applicable state laws, including the TGAA.[7] The FAA provides that:

> [A] written provision in any ... contract evidencing a transaction *involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. (Emphasis added).[8]

"Commerce" is broadly defined and encompasses contracts relating to interstate commerce.[9] An employment relationship involving commerce can be a sufficient transaction to fall within the federal act.[10] The U.S. Supreme Court has stated that "the proper test requires an analysis of whether the regulated activity 'substantially affects' interstate commerce." [11]

 We examine the contract and the record on appeal, therefore, to see if there is evidence of a substantial affect on interstate commerce. The parties to this contract are Michael Gantt, a resident of Odessa, Ector County, Texas, and Russ Berrie and Company, Inc., a New Jersey corporation. The contract stipulates that the law of New Jersey shall apply in construing the contract. The contract is one for at-will employment, apparently for sales in a designated territory. The territory is not defined in this record. The contract provides for a $525 non-accountable travel allowance per month, plus a $50 per day allowance for travel and lodging at least 90 miles from Gantt's home. As to the nature of Russ Berrie's business, whether Gantt's employment required interstate travel, or the nature and volume of his sales, the record is silent. We cannot hold, under these sparse facts, that the record reflects this contract had a substantial effect on interstate commerce. We therefore agree with the parties that the

3. *Id.*

4. Tex. Civ. Prac. & Rem.Code Ann. § 171.098 (Vernon Supp.1999); *Jack B. Anglin v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *see also EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996); *L & L Kempwood Associates, L.P. v. Omega Builders, Inc.,* 972 S.W.2d 819, 821 (Tex.App.—Corpus Christi 1998, no pet.).

5. *L & L Kempwood Associates, L.P.,* 972 S.W.2d at 821.

6. The parties may designate which arbitration act they wish to control proceedings under the contract, and the courts will honor that choice. *See D. Wilson Constr. Co. v. Cris Equipment Co.,* 988 S.W.2d 388, 392 (Tex. App.—Corpus Christi 1999, no pet. h.).

7. U.S. Const. Art.VI, cl. 2; *Anglin,* 842 S.W.2d at 271; *Moore v. Morris,* 931 S.W.2d 726, 729 (Tex.App.—Austin 1996, orig. proceeding).

8. 9 U.S.C. § 2; *Palm Harbor Homes, Inc. v. McCoy,* 944 S.W.2d 716, 719 (Tex.App.—Fort Worth 1997, orig. proceeding).

9. *In re Gardner Zemke Co.,* 978 S.W.2d 624, 626 (Tex.App.—El Paso 1998, orig. proceeding).

10. *BWI Companies, Inc. v. Beck,* 910 S.W.2d 620, 622 (Tex.App.—Austin 1995, orig. proceeding).

11. *U.S. v. Lopez,* 514 U.S. 549, 559, 115 S.Ct. 1624, 1630, 131 L.Ed.2d 626, 637 (1995); *L & L Kempwood Associates, L.P.,* 972 S.W.2d at 821.

TGAA is the appropriate law to be applied here, and that we have jurisdiction over this interlocutory appeal.

### FACTS

The agreement between Gantt and Russ Berrie and Company contained a termination provision:

V. *TERMINATION*

There is no expressed or implied guarantee of employment or employment for any stated period of time to you. You hereby acknowledge that your employment by the Company is at-will and may be terminated by you or the Company at any time with or without cause.

The agreement also contained the following agreement to arbitrate:

VI. *ARBITRATION OF DISPUTES*

Any existing or future dispute (a disagreement, controversy or claim which can be brought in Court or before any administrative agency by you against the company or any of the company's managers; or by the company against you) arising out of your employment or the termination of your employment, such as unlawful discrimination or harassment claims or enforcement of non-compete clauses, shall be resolved by final and binding arbitration between you and the company in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association. The arbitration shall take place at the offices of the American Arbitration Association nearest to the Company's distribution center to which you report, and either the Company or the employee can enter judgment on the arbitration decisions in any Court having jurisdiction. Costs of the arbitration proceedings shall be shared equally between you and the Company.

The last provision of the agreement stated:

VIII. The Company reserves the right at any time to change, interpret, discontinue or modify this Agreement. The laws of the State of New Jersey shall govern the interpretation of this Agreement.

On February 17, 1996, Gantt's employment agreement was modified. The modification agreement contained the following: "If not specifically detailed in this Addendum, the terms of your last Sales Agreement which included an Arbitration provision, will remain in effect."

On May 30, 1995, Gantt injured his back while in the course and scope of his employment with Russ Berrie. Gantt applied for workers' compensation benefits under the Texas Workers' Compensation Act. Russ Berrie terminated Gantt's employment on April 8, 1996. Gantt filed suit alleging that his termination violated the Texas Labor Code.

Russ Berrie moved to compel arbitration based on the employment agreement and addendum. Gantt countered that the arbitration clause could not be enforced because the contract was illusory. After a hearing at which no reporter's record was made, the trial court denied Russ Berrie's motion.

### STANDARD OF REVIEW OF A DENIAL OF A MOTION TO COMPEL ARBITRATION

■ Because the issue before us is the court's legal interpretation of the arbitration clause and the enforceability of the employment agreement, we conclude that de novo review is appropriate in this case.[12]

**12.** *Certain Underwriters at Lloyd's of London v. Celebrity, Inc.*, 950 S.W.2d 375, 377 (Tex. App.—Tyler 1996, writ dism'd w.o.j.). *But see Dallas Cardiology Associates, P.A. v. Mallick*, 978 S.W.2d 209, 212 (Tex.App.—Texarkana 1998, pet. denied); *Pony Exp. Courier Corp. v. Morris*, 921 S.W.2d 817, 819–20 (Tex.App.—San Antonio 1996, no writ); *Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 929 (Tex.App.—Houston [1st Dist.] 1996, no writ).

## CHOICE OF LAW IN INTERPRETING CONTRACT

■ Before we conclude that the contract is or is not enforceable, we must determine whether to apply Texas or New Jersey contract interpretation rules. The agreement clearly states: "The laws of the State of New Jersey shall govern the interpretation of this Agreement." Under the concept of "party autonomy," we respect the parties' choice of law unless the chosen law has no relation to the parties or the agreement, or their choice would offend the public policy of the state whose laws otherwise ought to apply.[13] This rule has been codified in Texas as:

[W]hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties.[14]

Texas has adopted Section 187 of the Second Restatement of Conflict of Laws concerning contractual choice of law provisions.[15] Section 187 provides:

The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.[16]

We believe that the agreement provision governs and New Jersey law should interpret this contract. The contract is explicit that the interpretation of the agreement is subject to New Jersey law, Russ Berrie is a New Jersey company, and neither party had contested application of New Jersey law.

## ENFORCEABILITY OF EMPLOYMENT CONTRACT UNDER NEW JERSEY LAW

Gantt maintains that the contract, and therefore the arbitration clause, is unenforceable because it: (1) contains an employment at-will provision; and (2) allows Russ Berrie to unilaterally modify, interpret, or discontinue the agreement. Thus, Gantt argues, the contract is illusory.

■ Under New Jersey law, an illusory promise is a "promise which by [its] terms make[s] performance entirely optional with the 'promisor' whatever may happen, or whatever course of conduct in other respects he may pursue."[17] An illusory promise is one in which the promisor has committed himself not at all: if performance of an apparent promise is entirely optional with a promisor, the promise is illusory.[18] Generally, courts seek to avoid an interpretation which would render a contract illusory,[19] but rather seek an interpretation that is more reasonable and constrained.[20]

### Employment at-will

■ In New Jersey, unless contractually or statutorily prohibited from doing so, an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine.[21] Both employers and employees

**13.** *Lemmon v. United Waste Sys., Inc.*, 958 S.W.2d 493, 498 (Tex.App.—Fort Worth 1997, pet. denied) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex.1990), *cert. denied*, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991)).

**14.** Tex. Bus. & Com.Code Ann. § 1.105(a) (Vernon 1994).

**15.** *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex.1990).

**16.** Restatement (Second) of Conflict of Laws § 187(1) (1971).

**17.** *Bryant v. City of Atlantic City*, 309 N.J.Super. 596, 707 A.2d 1072, 1085 (1998).

**18.** *Id.*

**19.** *Nolan v. Control Data Corp.*, 243 N.J.Super. 420, 579 A.2d 1252, 1258 (1990).

**20.** *Id.; Bryant*, 707 A.2d at 1085.

**21.** *Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 643 A.2d 546, 552–53 (1994).

commonly and reasonably expect employment to be at-will, unless otherwise specifically stated in explicit, contractual terms.[22] Here, the contract provision merely stating the employment relationship is at-will does not render its provisions illusory.

### Modification provision

■ The contract provision which allows Russ Berrie to unilaterally modify any of the contract terms is more problematic. Were we to interpret this contract under Texas law, we might well find that this clause renders the agreement illusory, as nothing would bind the employer to any of its terms.[23] Under the bare modification language, we see nothing which would prevent Russ Berrie from disavowing any part of the agreement at its sole option. There is nothing in the contract language, then, which would bind Russ Berrie to arbitrate a dispute, or accept an arbitrator's adverse decision.

■ New Jersey law, however, implies a duty of good faith and fair dealing in all contracts, including employment contracts, regardless of whether the relationship is characterized generally as at will.[24] Where a modification, interpretation, or discontinuation of the contract must comply with the duty of good faith, we conclude that the company could not refuse to comply with the arbitration clause once a dispute arising out of Gantt's employment or termination arose. We conclude therefore, under the law chosen by the parties, that the contract is not illusory and the arbitration clause is enforceable.

### CONCLUSION

We conclude that the trial court erred in denying Russ Berrie's motion to compel arbitration and stay litigation pending arbitration. We therefore reverse the trial

court's order, and remand for further proceedings in accordance with this opinion.

---

**22.** *Bernard v. IMI Sys., Inc.,* 131 N.J. 91, 618 A.2d 338, 345–46 (1993).

**23.** *See Tenet Healthcare Ltd. v. Cooper,* 960 S.W.2d 386, 388 (Tex.App.—Houston [14th Dist.] 1998, pet. dism'd w.o.j.).

**24.** *Nolan,* 579 A.2d at 1257.