**PHELPS DODGE MAGNET WIRE COMPANY, Appellant,**

**v.**

**Alfredo CHAVELLE, Appellee.**

**No. 08–04–00373–CV.**

Court of Appeals of Texas, El Paso.

Sept. 29, 2005.

Kurt H. Kuhn, Brown McCarroll, L.L.P., Austin, for appellant.

John P. Mobbs, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

This is an interlocutory appeal from the trial court's order denying a motion to compel arbitration. For the reasons stated, we dismiss the appeal.

### FACTUAL SUMMARY

In 1993, Alfredo Chavelle was hired by Phelps Dodge Magnet Wire Company (Phelps Dodge) as a mechanic. Chavelle sustained a job-related injury on August 13, 2002 and filed a worker's compensation claim. On June 27, 2003, Chavelle was informed by Phelps Dodge that he was being laid off due to "slow work." Phelps Dodge also fired two other mechanics at the same time. Two of the three, including Chavelle, were over the age of 60. Believing age was the motivating factor in his termination, Chavelle filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a notice of right to sue. Thereafter, Chavelle filed suit against Phelps Dodge alleging retaliatory discharge in violation of Texas Labor Code Chapter 451 and age discrimination in violation of Texas Labor Code Chapter 21.

Phelps Dodge filed a Motion to Compel Arbitration, claiming Chavelle received an employee handbook which described the company's policy of employment dispute resolution. Chavelle signed an acknowledgment form stating he received the employee handbook and he also signed an attendance sheet for the informational session held by Phelps Dodge regarding the new handbook. According to Phelps Dodge, the company policy provided for resolution of the problem through a company appeal board or professional arbitrator. The trial court denied the motion.

### WHICH ACT APPLIES?

 The employee handbook did not designate whether the Federal Arbitration Act (FAA) or the Texas Arbitration Act (TAA) would apply to employee disputes. If the FAA applies, we review the denial of a motion to compel arbitration via a mandamus proceeding. If the TAA applies, then relief must be sought through an interlocutory appeal. *Russ Berrie and Co., Inc. v. Gantt*, 998 S.W.2d 713, 714–15 (Tex.App.-El Paso 1999, no pet.). If a party is unsure which act applies, it must file both an interlocutory appeal and a mandamus to insure that jurisdiction is

invoked. *Id.* at 715. Phelps Dodge has properly done both.

■ The FAA applies to transactions that involve commerce. 9 U.S.C. § 2 (2005). "Commerce" has been broadly defined and encompasses contracts relating to interstate commerce. *In re Gardner Zemke Co.*, 978 S.W.2d 624, 626 (Tex.App.-El Paso 1998, no pet.)(orig. proceeding). The FAA does not require a substantial effect on interstate commerce; it only requires commerce to be involved or affected. *In re L & L Kempwood Associates., L.P.*, 9 S.W.3d 125, 127 (Tex.1999)(orig. proceeding); *In re Merrill Lynch Trust Co. FSB*, 123 S.W.3d 549, 553 (Tex.App.-San Antonio 2003, no pet.). Phelps Dodge engineers products for the transportation, energy, and telecommunications industries worldwide. If a party establishes the agreement falls under the FAA and the opposing party does not dispute it, the trial court is obliged to compel arbitration. *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996). Chavelle has never contested the FAA's application to the dispute either in this court or the trial court. Because we conclude that the FAA applies such that mandamus is the appropriate method of recourse,[1] we dismiss the interlocutory appeal for want of jurisdiction. *See Texas Enterprises, Inc. v. Arnold Oil Co.*, 59 S.W.3d 244, 248 (Tex.App.-San Antonio 2001, no pet.). Having dismissed Appellant's interlocutory appeal for want of jurisdiction, we overrule all of Appellant's points of error.

---

1. *See In re Phelps Dodge Magnet Wire Company*, 225 S.W.3d 599 (Tex.App.-El Paso 2005, no pet. h.).