COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
IN RE: PHELPS DODGE MAGNET WIRE  )                  No. 08-05-00112-CV
COMPANY,                                                        ) 
)AN ORIGINAL PROCEEDING
                                    Relator.                            )
)IN MANDAMUS
)


O P I N I O N

            Relator seeks a writ of mandamus from the trial court’s order denying a motion to compel
arbitration. For the reasons stated below, we deny relief. 
FACTUAL SUMMARY
            In 1993, Alfredo Chavelle was hired by Phelps Dodge Magnet Wire Company (Phelps
Dodge) as a mechanic. Chavelle sustained a job-related injury on August 13, 2002 and filed a
worker’s compensation claim. On June 27, 2003, Chavelle was informed by Phelps Dodge that he
was being laid off due to “slow work.” Phelps Dodge fired two other mechanics at the same time. 
Two of the three, including Chavelle, were over the age of 60. Believing age was the motivating
factor in his termination, Chavelle filed a charge of discrimination with the Equal Employment
Opportunity Commission. The EEOC issued a notice of right to sue. Thereafter, Chavelle filed suit
against Phelps Dodge alleging retaliatory discharge in violation of Texas Labor Code Chapter 451
and age discrimination in violation of Texas Labor Code Chapter 21. 
            Phelps Dodge filed a motion to compel arbitration, claiming Chavelle received an employee
handbook which described the company’s policy of employment dispute resolution. Chavelle signed
an acknowledgment form stating he received the employee handbook and he also signed an
attendance sheet for the informational session held by the company regarding the new handbook. 
According to Phelps Dodge, the company policy (Problem Solving Procedure or PSP) provides for
arbitration through a company appeal board or professional arbitrator. The trial court denied the
motion.
WHICH ACT APPLIES?
            Assuming for the moment that the PSP constitutes an arbitration agreement, it fails to
designate whether the Federal Arbitration Act (FAA) or the Texas Arbitration Act (TAA) would 
apply to employee disputes. If the FAA applies, we review the denial of a motion to compel
arbitration via a mandamus proceeding. If the TAA applies, then relief must be sought through an
interlocutory appeal. Russ Berrie and Co., Inc. v. Gantt, 998 S.W.2d 713, 714-15 (Tex.App.--El
Paso 1999, no pet.). If a party is unsure which act applies, it must file both an interlocutory appeal
and a mandamus to insure that jurisdiction is invoked. Id. at 715. Phelps Dodge has filed both.
            The FAA applies to transactions that involve commerce. 9 U.S.C. § 2 (2005). “Commerce”
has been broadly defined and encompasses contracts relating to interstate commerce. In re Gardner
Zemke Co., 978 S.W.2d 624, 626 (Tex.App.--El Paso 1998, no pet. )(orig. proceeding). The FAA
does not require a substantial effect on interstate commerce; it only requires commerce to be
involved or affected. In re L & L Kempwood Associates, L.P., 9 S.W.3d 125, 127 (Tex. 1999)(orig.
proceeding); In re Merrill Lynch Trust Co. FSB, 123 S.W.3d 549, 553 (Tex.App.--San Antonio 2003, no pet.). Phelps Dodge engineers products for the transportation, energy, and
tele-communications industries worldwide. If a party establishes the agreement falls under the FAA
and the opposing party does not dispute it, the trial court is obliged to compel arbitration. Cantella
& Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996). Chavelle has never contested the FAA’s
application to the dispute either in this court or the trial court. Because we conclude that the FAA
applies, mandamus is the appropriate method of review.



STANDARD OF REVIEW
            A writ of mandamus will issue only if the trial court has clearly abused its discretion and
there is no other adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A
trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law. Id. at 839; In re Bunzl USA, Inc., 155 S.W.3d
202, 207 (Tex.App.--El Paso 2004, no pet.). Mandamus will not issue if there is an adequate remedy 
by appeal. Walker, 827 S.W.2d at 840. When a trial court improperly denies a motion to compel
arbitration under the Federal Arbitration Act, there is no other adequate remedy. In re Halliburton
Co., 80 S.W.3d 566, 573 (Tex. 2002), cert. denied, 537 U.S. 1112, 123 S.Ct. 901, 154 L.Ed.2d 785
(2003); Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992); In re Dillard
Department Stores, Inc., 153 S.W.3d 145, 149 (Tex.App.--El Paso 2004, no pet.).
            Relator has the burden of establishing that the trial court abused its discretion. Walker, 827
S.W.2d at 840; In re Dillard, 153 S.W.3d at 148. We may not resolve factual issues, nor may we 
substitute our judgment for that of the trial court. Walker, 827 S.W.2d at 839-40; In re Dillard, 153
S.W.3d at 148. We will not disturb the trial court’s decision unless it is shown to be arbitrary and
unreasonable. Walker, 827 S.W.2d at 840. With respect to the resolution of legal issues, however,
our review is much less deferential. Id. The trial court has no discretion in determining what the
law is or in applying the law to the facts. Id. Therefore, a court abuses its discretion if there is a
clear failure to analyze or apply the law correctly. Id.; In re Dillard, 153 S.W.3d at 148.
            A party seeking to compel arbitration must first prove the existence of an arbitration
agreement and that the claims asserted fall within the scope of the agreement. In re Oakwood Mobile
Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999)(orig.proceeding). The law presumes the existence
of an arbitration agreement and any doubts regarding the existence or scope of an agreement are
resolved in favor of arbitration. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001)(orig.
proceeding). 
            If there is a valid agreement, then the burden shifts to the party opposing arbitration to raise
an affirmative defense. J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003); In re
Oakwood Mobile Homes, Inc., 987 S.W.2d at 573. We interpret arbitration agreements using
traditional contract principles. J.M. Davidson, Inc., 128 S.W.3d at 227. Whether there is an
enforceable agreement to arbitrate is a question of law that we review de novo. J.M. Davidson v.
Webster, 128 S.W.3d 223, 227 (Tex. 2003); In re Kellogg Brown & Root, 80 S.W.3d 611, 615
(Tex.App.--Houston [1st Dist.] 2002, no pet.)(orig. proceeding).
TERMS OF THE PSP

            We detail here the relevant portions of the Policy Solving Procedure: 
 
Problem Solving Procedure is a formalized process that seeks prompt resolution of
any issue, problem or concern. Details on this procedure are outlined below.
 
If an issue arises that cannot be resolved using the Open Door Policy, you may utilize
the formalized Problem Solving Procedure for resolution by following these steps:
 
Step1 - You present your written complaint to your Department Leader within five
working days following the event that caused your complaint. Your Department
Leader will arrange a meeting with you within five working days from the date of
your complaint. Within five working days of this meeting your Department Leader
will provide you with his written decision.
 
Step2 - If you are dissatisfied with your Department Leader’s decision you may,
within three working days after the decision is rendered, appeal your complaint to the
Human Resources Leader. A meeting will be arranged within three working days
and a written decision will be issued to you within three working days following the
meeting.
 
Step 3 - If the decision at step 2 is not to your satisfaction, you may appeal your
problem to the Plant Manager within three working days of the date of the decision
at Step 2. The Plant Manager or his designee will arrange a meeting with you within
three working days after he receives your appeal. Within three working days of the
meeting, the Plant Manager will provide you with his written decision. 
 
Issues are usually settled as a result of discussions during Steps 1, 2 or 3. However,
if you receive a decision from the Plant Manager that you believe is not justified by
the facts you may, within five working days following the Plant Manager’s decision,
appeal your problem to the Appeal Board. 
 
During any step in the process if you do not receive a decision within the specified
time limits, you may appeal your complaint to the next level in the Problem Solving
Procedure, subject to the applicable time limits. If no appeal is made within the
applicable time limits described in this procedure the complaint will be considered
as having been dropped by you.

Appeal Board
 
Most complaints appealed from Step 3 are heard by the Appeal Board. Here is how
it works:
 
1) Five Company associates are randomly selected from a preexisting pool split
evenly amongst hourly and salaried associates who have volunteered to make
up an Appeal Board. Only associates with no active or pending coaching
sessions with rolling year are eligible to participate. Salaried associates must
have 6 month of work experience with the company.
 
2) These four will randomly select a fifth associate from the combined
preexisting pools. These five associates are the Appeal Board. An associate
may not serve on an Appeal Board if he will be personally affected by the
decision of that board or if he was involved in the situation giving rise to your
complaint. The associates you select may not be your relatives.
 
3) The Appeal Board will conduct a hearing within 14 working days from
receipt of your complaint. The Appeal Board will provide its written decision
within three working days following the hearing.
 
4) At least three concurring votes are required for a board decision. No record
is kept as to how each Board member votes.
 
If the subject of your problem is such that the Company believes the experience and
skills of a professional Arbitrator are required, the problem will be submitted to an
Arbitrator rather than to the Appeal Board. The cost of arbitration will be paid
entirely by the Company. Neither the associate making the complaint nor witnesses
will be paid for the time spent in a hearing unless such hearing is held during their
regular work-shift.
 
The decision of the Appeal Board or the Arbitrator is final and binding on you and
the Company, except that neither the Appeal Board nor the Arbitrator may render a
decision that changes or modifies Company policies, procedures, rules or regulations. 
Any decision that does so is void. In a case involving violation of Company policies,
the authority of the Appeal Board or the Arbitrator is limited to determining whether
the associate actually violated the rule for which he was disciplined or discharged. 
The Appeal Board and Arbitrators have no authority to set, modify or otherwise
influence wages or wage rates.

* * * * *
 
The Company and you agree that these exclusive procedures, as may be modified by
the Company from time to time, in its sole discretion, preclude you from filing any
action with any court concerning any matter that could have been addressed through
these procedures, although you may make a complaint to any state or federal agency
with issues related to your employment with the Company.

IS THE PSP AN ARBITRATION AGREEMENT 
OR AN INTERNAL GRIEVANCE PROCEDURE?

            Phelps Dodge contends that the PSP constitutes an arbitration agreement because it allows
employees to complain to an appeal board or, at the company’s election, to a professional arbitrator. 
The handbook provides that PSP is the exclusive procedure for resolving employment disputes,
including violations of state or federal law. 
            Chavelle signed the following acknowledgment form:
I understand that the Company and I agree to be bound by the Open Door Policy and
Problem Solving Procedure as set forth in this Associate Handbook (including the
final and binding effect of such procedures) . . . .

He contends that review by the Appeal Board is not arbitration because a panel composed
exclusively of Phelps Dodge employees is not a panel of impartial arbitrators. Phelps Dodge
counters that review by the Appeal Board is arbitration because (1) the parties are allowed to select
their own arbitrators, (2) under federal law partisan arbitrators are permissible, and (3) the format
of the Appeal Board mirrors the Texas Labor Code.


 The issue squarely before us is whether the
PSP constitutes an arbitration agreement or merely an internal grievance procedure. 
            Arbitration has been defined as “a contractual proceeding by which the parties to a
controversy or dispute, in order to obtain a speedy and inexpensive final disposition of matters
involved, voluntarily select arbitrators or judges of their own choice, and by consent submit the
controversy to such tribunal for determination in substitution for the tribunals provided by the
ordinary processes of the law.” [Emphasis added]. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d
266, 268 (Tex. 1992). Although parties are free to select the form of arbitration, an agreement in any
form is only arbitration if it meets the definition of “arbitration.” In re Anaheim Angels Baseball
Club, Inc., 993 S.W.2d 875, 879-80 (Tex.App.--El Paso 1999, no pet.). An agreement is not
arbitration if it does not allow the parties to select arbitrators of their choice. Id. at 880.
Additionally, a party cannot serve as the sole arbitrator. Manes v. Dallas Baptist College, 638
S.W.2d 143, 144-45 (Tex.App.--Dallas 1982, writ ref’d n.r.e.)(an agreement requiring a faculty
member to appeal employment disputes to the school’s Board of Trustees was not arbitration).
            Phelps Dodge contends the PSP constitutes arbitration because the parties have the right to
select the arbitrators and under federal law, they are allowed to use partisan arbitrators. ATSA of
California, Inc. v. Cont’l Ins. Co., 754 F.2d 1394, 1396 (9th Cir. 1985)(parties could appoint two
partisan arbitrators and one neutral arbitrator, but if the parties could not agree upon the neutral
arbitrator then they would apply to the Internal Chamber of Commerce to appoint the neutral
arbitrator per their agreement). Although federal law allows the appointment of partisan arbitrators,
this case is distinguishable because neither party had the option of selecting partisan arbitrators. The
PSP required that five company associates would comprise the Appeal Board and were to be chosen
randomly from a selected pool of Phelps Dodge employees. Four of the associates would be split
evenly between hourly and salaried employees who volunteered, and the fifth associate would be
randomly selected by the panel of four associates. While in ATSA, the parties were allowed to
appoint a neutral arbitrator, here the fifth member of the Appeal Board panel is not a neutral
arbitrator because the member was also selected from the Phelps Dodge employee pool. The entire
pool of arbitrators consists of Phelps Dodge employees, making Phelps Dodge the sole arbitrator in
resolution of the dispute.
            Phelps Dodge next contends the PSP constitutes arbitration because it mirrors the Texas
Labor Code: 
(a) An employer and employees may submit a dispute or grievance resulting from
the employer’s and employees’ work relationship to a board for a hearing and
determination. 
 
(b) An arbitration may not be conducted under this chapter without the consent of
all parties involved in the dispute or grievance. 

Tex.Lab.Code Ann. § 102.002 (Vernon 1996).
 
A board established under this chapter must be composed of five members. 

Tex.Lab.Code Ann. § 102.011.
 
The employer may designate two arbitrators to serve on the board. 

Tex.Lab.Code Ann. § 102.012.
 
(b) In a dispute or grievance in which all of the affected employees are not
represented by a labor organization, the labor organization in concurrent action with
a majority of those employees not represented by a labor organization may designate
two arbitrators to serve on the board. 

Tex.Lab.Code Ann. § 102.013(b). 
            We perceive two important differences. First, the Code requires both the employer and the
employee to designate two arbitrators while the PSP restricts the parties’ right to choose its
arbitrators because the method of selection is purely random. Second, the Code requires that both
parties consent before arbitration may be conducted under the chapter. Phelps Dodge employees
have no such option and there is no mutual consent to arbitrate a claim. The company has the sole
discretion to determine whether a grievance will be heard by the Appeal Board or by a professional
arbitrator. “If the subject of your problem is such that the Company believes the experience and
skills of a professional Arbitrator are required, the problem will be submitted to an Arbitrator rather
than to the Appeal Board.” In fact, Phelps Dodge used the provision here to make the unilateral
decision to opt for a professional arbitrator instead of the Appeal Board.
            We conclude that the PSP is not an arbitration agreement but rather a procedure for resolving
internal grievances. It does not allow parties to select arbitrators of their own choosing, the pool of
arbitrators consists solely of Phelps Dodge employees, and the agreement does not mirror the Texas
Labor Code. Because we conclude there is no agreement to arbitrate, we need not address
affirmative defenses to enforceability. Finding no abuse of discretion in the trial court’s denial of
the motion to compel arbitration, we deny mandamus relief.


September 29, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.