### In re PHELPS DODGE MAGNET WIRE COMPANY, Relator.

No. 08-05-00244-CV.

Court of Appeals of Texas, El Paso.

April 13, 2006.

Virginia K. Hoelscher, Brown McCarroll, LLP, Austin, for relator.

John P. Mobbs, El Paso, for interested party.

Linda Yee Chew, El Paso, respondent pro se.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

Relator seeks a writ of mandamus from the trial court's order denying a motion to compel arbitration. For the reasons stated below, we deny relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July of 1996, Jose Gomez was hired by Phelps Dodge as a mechanic. Gomez only speaks Spanish and during his time with Phelps Dodge, he communicated with his co-workers and human resources personnel in Spanish. According to Gomez, the employee handbook containing Phelps Dodge's arbitration policy was not provided to him in Spanish; he represents that he did not understand the policy, and further, that it was not until he was deposed that he had heard of such policy.

On April 26 or 27, 2002, Gomez sustained a job-related injury and filed a workers' compensation claim. On June 27, 2003, he was advised that he was being laid off due to "slow work." Phelps Dodge also fired Alfredo Chavelle,[1] another mechanic who similarly, is also in his sixties and had also filed a workers' compensation claim. Believing age and his filing of a workers' compensation claim were the motivating factors in his termination, Gomez filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a notice of right to sue. Thereafter, Gomez filed suit against Phelps Dodge alleging age discrimination in violation of Texas Labor Code Chapter 21 and retaliatory discharge.

Phelps Dodge filed a Motion to Compel Arbitration claiming Gomez received an

---

1. Mr. Chavelle filed an action against Phelps Dodge raising claims of age discrimination and retaliation discharge. See Phelps Dodge Magnet Wire Co. v. Chavelle, No. 08–04–00373–CV, 2005 WL 2402671, at *1, —— S.W.3d ——, —— (Tex.App.-El Paso Sept. 29, 2005, no pet.). In his suit, the trial court also denied Phelps Dodge's Motion to Compel Arbitration. Id. Phelps Dodge sought a writ of mandamus and filed an interlocutory appeal wherein it raised substantially identical issues present in this case. The Court resolved these appeals in In re Phelps Dodge Magnet Wire Co., No. 08–05–00112–CV, 2005 WL 2402677, —— S.W.3d —— (Tex.App.-El Paso Sept. 29, 2005, orig. proceeding) and Phelps Dodge Magnet Wire Co. v. Chavelle, No. 08–04–00373–CV, 2005 WL 2402671, —— S.W.3d —— (Tex.App.-El Paso Sept. 29, 2005, no pet.) respectively.

employee handbook which described the company's policy of employment dispute resolution. Gomez signed an acknowledgment form stating he received the employee handbook and he also signed an attendance sheet for the information session held by Phelps Dodge regarding the new handbook. According to Phelps Dodge, the company policy (Problem Solving Procedure or PSP) provides for arbitration through a company appeal board or professional arbitrator. The trial court denied the motion.

## II. DISCUSSION

This Court's opinion in *In re Phelps Dodge Magnet Wire Co.,* No. 08–05–00112–CV, 2005 WL 2402677, —— S.W.3d —— (Tex.App.-El Paso Sept. 29, 2005, orig. proceeding) is factually similar and the issues on appeal are substantially identical to the issues brought forth in the mandamus at issue. In that opinion, we found the PSP is not an arbitration agreement but rather a procedure for resolving internal grievance. *See id.,* at *6, —— S.W.3d at ——. We concluded that there was no agreement to arbitrate and therefore did not address affirmative defenses to enforceability. *Id.* We held that the trial court did not abuse its discretion in denying Phelps Dodge's motion to compel arbitration and denied mandamus relief. *Id.* We defer to our analysis in *In re Phelps Dodge* and for the reasons stated in that opinion, we deny mandamus relief.

ABLES, J., sitting by assignment.