COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN RE: PHELPS DODGE MAGNET
WIRE COMPANY,

                            Relator.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-05-00244-CV

AN ORIGINAL PROCEEDING

IN MANDAMUS





O P I N I O N

           Relator seeks a writ of mandamus from the trial court’s order denying a motion to
compel arbitration. For the reasons stated below, we deny relief.
I. FACTUAL AND PROCEDURAL BACKGROUND
           In July of 1996, Jose Gomez was hired by Phelps Dodge as a mechanic. Gomez only
speaks Spanish and during his time with Phelps Dodge, he communicated with his co-workers and human resources personnel in Spanish. According to Gomez, the employee
handbook containing Phelps Dodge’s arbitration policy was not provided to him in Spanish;
he represents that he did not understand the policy, and further, that it was not until he was
deposed that he had heard of such policy.
           On April 26 or 27, 2002, Gomez sustained a job-related injury and filed a workers’
compensation claim. On June 27, 2003, he was advised that he was being laid off due to
“slow work.” Phelps Dodge also fired Alfredo Chavelle,


 another mechanic who similarly,
is also in his sixties and had also filed a workers’ compensation claim. Believing age and his
filing of a workers’ compensation claim were the motivating factors in his termination,
Gomez filed a charge of discrimination with the Equal Employment Opportunity
Commission. The EEOC issued a notice of right to sue. Thereafter, Gomez filed suit against
Phelps Dodge alleging age discrimination in violation of Texas Labor Code Chapter 21 and
retaliatory discharge.
           Phelps Dodge filed a Motion to Compel Arbitration claiming Gomez received an
employee handbook which described the company’s policy of employment dispute
resolution. Gomez signed an acknowledgment form stating he received the employee
handbook and he also signed an attendance sheet for the information session held by Phelps
Dodge regarding the new handbook. According to Phelps Dodge, the company policy
(Problem Solving Procedure or PSP) provides for arbitration through a company appeal
board or professional arbitrator. The trial court denied the motion.
II. DISCUSSION
           This Court’s opinion in In re Phelps Dodge Magnet Wire Co., No. 08-05-00112-CV,
2005 WL 2402677 (Tex. App.--El Paso Sept. 29, 2005, orig. proceeding) is factually similar
and the issues on appeal are substantially identical to the issues brought forth in the
mandamus at issue. In that opinion, we found the PSP is not an arbitration agreement but
rather a procedure for resolving internal grievance. See id., at *6. We concluded that there
was no agreement to arbitrate and therefore did not address affirmative defenses to
enforceability. Id. We held that the trial court did not abuse its discretion in denying Phelps
Dodge’s motion to compel arbitration and denied mandamus relief. Id. We defer to our
analysis in In re Phelps Dodge and for the reasons stated in that opinion, we deny mandamus
relief.
                                                                  RICHARD BARAJAS, Chief Justice

April 13, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment