COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




PHELPS DODGE MAGNET WIRE
COMPANY, A DIVISION OF
PHELPS DODGE INDUSTRIES,
INC.,

                            Appellant,

v.

JOSE GOMEZ,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00193-CV

Appeal from the

327th District Court 

of El Paso County, Texas 

(TC# 2004-2408) 




O P I N I O N

           This is an interlocutory appeal from the trial court’s denial of a motion to compel
arbitration. For the reasons stated below, we dismiss the appeal.
I. FACTUAL AND PROCEDURAL BACKGROUND
           In July of 1996, Jose Gomez, Appellee, was hired by Phelps Dodge as a mechanic. 
Appellee only speaks Spanish and during his time with Phelps Dodge, he communicated with
his co-workers and human resources personnel in Spanish. According to Appellee, the
employee handbook containing Phelps Dodge’s arbitration policy was not provided to him
in Spanish; he represents that he did not understand the policy, and further, that it was not
until he was deposed that he had heard of such policy.
           On April 26 or 27, 2002, Appellee sustained a job-related injury and filed a workers’
compensation claim. On June 27, 2003, he was advised that he was being laid off due to
“slow work.” Phelps Dodge also fired Alfredo Chavelle,


 another mechanic who similarly,
is also in his sixties and had also filed a workers’ compensation claim. Believing age and his
filing of a workers’ compensation claim were the motivating factors in his termination,
Appellee filed a charge of discrimination with the Equal Employment Opportunity
Commission. The EEOC issued a notice of right to sue. Thereafter, Appellee filed suit
against Phelps Dodge alleging age discrimination in violation of Texas Labor Code Chapter
21 and retaliatory discharge.
           Phelps Dodge filed a Motion to Compel Arbitration claiming Appellee received an
employee handbook which described the company’s policy of employment dispute
resolution. Appellee signed an acknowledgment form stating he received the employee
handbook and he also signed an attendance sheet for the information session held by Phelps
Dodge regarding the new handbook. According to Phelps Dodge, the company policy
provided for resolution of the problem through a company appeal board or professional
arbitrator. The trial court denied the motion.
II. DISCUSSION
           This Court’s opinion in Phelps Dodge Magnet Wire Co. v. Chavelle, No. 08-04-00373-CV, 2005 WL 2402671 (Tex. App.--El Paso Sept. 29, 2005, no pet.) is factually
similar and the issues on appeal are substantially identical to the issues brought forth in
the case at hand. In that case, we found that the Federal Arbitration Act (FAA) applied
and that mandamus was the appropriate method of recourse. See id., at *1. As such, we
dismissed the interlocutory appeal for want of jurisdiction. Id. In this case, we defer to
our analysis in Chavelle and for the reasons stated in that opinion, we dismiss this
interlocutory appeal for want of jurisdiction.
 
                                                                  RICHARD BARAJAS, Chief Justice

April 13, 2006

Before Panel No. 5
Barajas, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment