COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

PEOPLE=S
CHOICE HOME LOAN, INC.,)

                                                                              )             
No.  08-04-00374-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )          
County Court At Law #7

MARICELA JIMENEZ and ENRIQUE                )

JIMENEZ,                                                             )         
of El Paso County, Texas

                                                                              )

Appellees.                          )                
(TC# 2004-2598)

                                                                              )

 

 

O
P I N I O N

 

Appellant People=s Choice Home Loan, Inc. (APeople=s
Choice@) brings
this accelerated interlocutory appeal, challenging the trial court=s order denying its motion to abate and
compel arbitration.  We dismiss this
appeal for want of jurisdiction.

BACKGROUND

In December 2002,
Maricela Jimenez decided to apply for a home equity loan on her El Paso
residence.  Mrs. Jimenez met with Octavio
Realzola, a mortgage broker doing business under the assumed name of Amiracle
Mortgage Group.  Mr. Realzola arranged
for a home equity loan through People=s
Choice.  After the closing, Mrs. Jimenez
realized that she had been overcharged in fees and other costs.  People=s
Choice later sold the loan to GMAC Mortgage Corporation (AGMAC@).








In March 2004,
Mrs. Jimenez notified both People=s
Choice and GMAC that she was overcharged for the loan, but neither responded to
her inquiry, conducted any investigation, or made any contact with her.  On June 17, 2004, real parties in interest,
Mrs. Jimenez and her husband Mr. Enrique Jimenez (Athe
Jimenezes@), filed
suit against Octavio Realzola d/b/a Amiracle Mortgage Group, People=s Choice, and GMAC, seeking declaratory
relief in connection with the loan fees, cancellation of the loan, and the
return of all sums of money paid to the defendants.

On August 19,
2004, People=s Choice
filed its original answer and asserted as an affirmative defense that the
contract between People=s
Choice and the plaintiffs was governed by an arbitration agreement.  On September 20, 2004, People=s Choice filed a motion to abate and
compel arbitration.  In the motion,
People=s Choice
asserted that the Jimenezes had signed a valid and enforceable arbitration
agreement.  People=s
Choice also alleged that the other defendants, Mr. Realzola and GMAC, were not
opposed to its request for mandatory arbitration.  The arbitration agreement was attached to the
motion, along with an affidavit from the vice president of People=s Choice as the attesting custodian of
the business record.

On November 2,
2004, the Jimenezes filed a response to the motion.  On November 12, 2004, the trial court
conducted a hearing on the motion to compel arbitration.  At the conclusion of the hearing, the trial
court denied the motion.

DISCUSSION

JURISDICTION








People=s Choice brought a mandamus proceeding
in this Court, in which it asserted that the Federal Arbitration Act (AFAA@)
governed this case, but as a cautionary measure they have also brought this
interlocutory appeal to challenge the trial court=s
order in the event we determined that the Texas General Arbitration Act (ATGAA@)
rather than the FAA applied.  See Russ
Berrie & Co., Inc. v. Gantt, 998 S.W.2d 713, 714‑15 (Tex.App.‑‑El
Paso 1999, no pet.)(a party seeking enforcement of an arbitration agreement
under the FAA must pursue mandamus relief, whereas a party asserting a right to
arbitration under the TGAA may seek relief through an interlocutory
appeal).  In a decision issued this same
date in the mandamus proceeding, we have determined that the FAA governs the
arbitration agreement in this case and that the Jimenezes= claims are subject to
arbitration.  See In re People=s Choice Home Loan, Inc., No. 08‑04‑00372‑CV
(Tex.App--El Paso, August 23, 2005, orig. proceeding).  Therefore, the trial court=s order denying arbitration is not
subject to interlocutory appeal. 
Accordingly, we dismiss the interlocutory appeal for want of
jurisdiction.  See Pennzoil Company v.
Arnold Oil Co., Inc., 30 S.W.3d 494, 498 (Tex.App.‑‑San Antonio
2000, orig. proceeding).

 

 

August
23, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.