United States Court of Appeals,
Fifth Circuit.

Nos. 93-9174, 94-10031.

SMITH BARNEY SHEARSON, INC., Plaintiff-Appellant,

v.

Warren BOONE, Individually and as Trustee for Watercol Profit
Sharing Plan, dated 1/7/80, Defendant-Appellee.

SMITH BARNEY SHEARSON, INC., Plaintiff-Appellant,

v.

Scott G. SHERMAN, Defendant-Appellee.

March 20, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before WISDOM, KING and DUHÉ, Circuit Judges.

WISDOM, Circuit Judge.

In this case, the plaintiff/appellant, Smith Barney Shearson, Inc., a brokerage firm, sought to prevent two former customers, the defendant/appellees, from arbitrating independent grievances before the American Stock Exchange and the National Association of Security Dealers, respectively. Smith Barney Shearson, Inc. filed this action seeking a declaratory judgment stating that the appellees' grievances are not subject to arbitration under the existing customer agreements because they were filed late according to the applicable arbitration rules of both associations. The district court denied Smith Barney Shearson, Inc. the relief it sought because it determined that the issue of timeliness was a question for the arbitrator, 838 F.Supp. 1156. Because we agree

1

with the reasoning of the district court, we AFFIRM.

I.

A. *Smith Barney Shearson, Inc. v. Boone*

In August 1993, Boone, one of two defendant/appellees in this action, filed a claim against Smith Barney Shearson (SBS), the plaintiff/appellant, with the American Stock Exchange (AMEX) seeking arbitration of several grievances pursuant to the Customer Agreement entered between SBS and Boone.[1] In his Statement of Claims, Boone alleges causes of action for breach of contract, negligence, breach of fiduciary duty, common law fraud, as well as causes of action under the Texas Deceptive Trade Practices and Consumer Protection Act and RICO. All of the claims relate to a series of investments made by Boone between 1984 and 1986 on the advice of his broker at SBS.

In response to Boone's request for arbitration, SBS filed this action seeking a preliminary injunction and a declaratory judgment to prevent Boone from pursuing his grievances before AMEX. SBS alleged that Boone's claims are barred because they were filed more than six years after the last investment in violation of AMEX rule 605. Rule 605 provides:

No dispute, claim or controversy shall be eligible for

---

[1]The Customer Agreement provided that:

> any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect, of the National Association of Security Dealers, Inc. and/or the American Stock Exchange, Inc. as I may elect.

submission to arbitration in any instance where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy.

SBS alleged in the district court, and continues to allege here, that Rule 605 is a prerequisite to the arbitrator's jurisdiction. According to SBS, since more than six years passed before Boone filed his grievance, AMEX lacks jurisdiction to resolve the controversy and SBS cannot be compelled to arbitrate.

The district court refused SBS any relief, holding that under established Fifth Circuit Court precedent, the timeliness question should be decided by the arbitrator and not by a federal court. Once the district court determined that the parties had obligated themselves to resolve disputes by arbitration " "procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."[2]  SBS currently appeals the district court's decision.

B. *Smith Barney Shearson v. Sherman*

In November of 1993, Sherman, the second of two defendant/appellees in this action, filed a complaint with the National Association of Securities Dealers (NASD) seeking arbitration of several claims against SBS.  Like Boone, Sherman was a former customer of SBS who had entered into the same Customer Agreement which provided that all disputes would be resolved through arbitration.  Sherman asserted several causes of action including breach of fiduciary duty, negligent misrepresentation,

---

[2]Amended Memorandum Opinion and Order Denying Smith Barney Shearson's Complaint for Declaratory Judgment and Motion for Preliminary Injunction at 5 (citations omitted).

statutory fraud under the Texas Commercial Code, violation of NASD Rules of Fair Practice, and a cause of action under the Texas Deceptive Practices Act. The asserted causes of action center around several purchases of limited partnerships in late 1986. SBS filed a complaint similar to the complaint filed in *Boone,* seeking a preliminary injunction and a declaratory judgment to prevent Sherman from pursuing arbitration because his complaint was filed more then six years after his last purchase. The relevant NASD section, section 15, provides:

> No dispute, claim or controversy shall be eligible for arbitration where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

The district court, in reliance on its recent opinion in *Boone,* refused SBS any relief and dismissed its complaint. SBS, as in *Boone,* appeals that decision. These two cases have been consolidated for appeal.

## II.

The key issue in this appeal is whether a federal court or an arbitrator should rule on the eligibility of the defendants' arbitration claims under AMEX Rule 605 and NASD code section 15. In *AT & T Technologies v. Communication Workers*[3] the Supreme Court reaffirmed the basic principle outlined in its earlier decisions that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not

---

[3]475 U.S. 643 (1985).

4

agreed so to submit."[4] Since a party may only be compelled to arbitrate an issue he has previously agreed to arbitrate, a forum in which to identify these issues is needed. The Supreme Court decided that the appropriate forum is a court and not the arbitrator. Thus, the "question of arbitrability" is a judicial one.[5] The arbitrator is not allowed to determine his or her own jurisdiction. However, the reviewing power of a court is limited. The court may only determine whether the parties intended the particular issue to be resolved by arbitration, the court cannot "rule on the potential merits of the underlying claim."[6] Thus, in this case, our role is to determine whether, on its face, the agreement to arbitrate includes the asserted causes of action. If there are any doubts, they are to be resolved in favor of arbitration.[7]

SBS, however, asks more of us. It alleges that rule 605 and section 15 are substantive "eligibility requirements" which must be considered by the courts before SBS is required to submit to arbitration. In reliance on its interpretation of *AT & T Technologies* and caselaw from other circuit courts, SBS argues that part of this Court's role in the initial review of arbitrability is to determine whether Rule 605 and section 15 would bar the causes

---

[4]*Id.* at 648, 106 S.Ct. at 1418 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

[5]*Id.* at 649, 106 S.Ct. at 1418.

[6]*Id.* at 649, 106 S.Ct. at 1419.

[7]*Id.* at 650, 106 S.Ct. at 1419.

5

of action asserted by the defendants. If they do, SBS argues that it is this Court's responsibility to enjoin defendants from pursuing their arbitration claims because they are "ineligible for arbitration." The crucial distinction, as identified by the district court, is whether the time bars are considered issues of "substantive arbitrability" relating to whether the parties agreed to arbitrate these issues, or, whether the rules present issues of "procedural arbitrability" relating to the procedures of arbitration agreed upon.

As noted by the district court, SBS relies on several opinions of the Third, Sixth, and Seventh Circuit Courts which analyze the AMEX and NASD rules, as SBS does, as eligibility requirements or prerequisites to arbitrability.[8] This Court, however, must focus its attention on the treatment it has given these types of provisions.

In *Local No. 406 v. The Austin Co.,* this Court reversed a decision by the district court granting a motion for summary judgment based on the untimeliness of grievances filed by the union seeking arbitration.[9] The district court found that the union's grievances had not been filed within thirty days, as required by the collective bargaining agreement.[10] Rather than reviewing the

---

[8]The best example is *Edward D. Jones v. Sorrells,* 957 F.2d 509 (7th Cir.1992); *see also, Paine Webber v. Hartmann,* 921 F.2d 507 (3rd Cir.1990); *Paine Webber v. Hofman,* 984 F.2d 1372 (3rd Cir.1993); *Roney v. Kassab,* 981 F.2d 894 (6th Cir.1992).

[9]784 F.2d 1262 (5th Cir.1986).

[10]*Id.* at 1264.

district court's decision, however, we questioned whether the district court should have decided that issue or should have left it to the arbitrator.

This Court, in reliance on the Supreme Court's decision in *John Wiley & Sons v. Livingston,*[11] reversed the district court's decision and held that it was the arbitrator's role to determine whether the proper arbitration procedures had been followed.[12] We held that "a question of timeliness is generally to be considered one of procedural arbitrability".[13] As a procedural issue, Supreme Court precedent requires that it be decided by the arbitrator. The district court's only role should have been to determine whether the subject matter of the dispute was subject to arbitration under the parties' agreement.[14]

Our decision in *Local 4-447 v. Chevron Chemical Company* is also relevant.[15] In *Local 4-447,* Chevron, in opposition to a motion seeking to compel Chevron to arbitrate, contended that one of the

---

[11]376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). This case is a forerunner of the Supreme Court's more recent decision in *AT & T Technologies.*

[12]*Id.* at 1264-65.

[13]*Id.* at 1264.

[14]*Id.* at 1265.

[15]815 F.2d 338 (5th Cir.1987); *see also Alabama Power Company v. Local Union No. 391,* 612 F.2d 960 (5th Cir.1980); *Commerce Park v. Mardian Construction Co.,* 729 F.2d 334 (5th Cir.1984). For an application of this Court's rule that timeliness is a question of procedural arbitrability, see *United Food and Commercial Worker's Union v. Delta Catfish Processors, Inc.,* 767 F.Supp. 798, 800 (N.D.Miss.1991); *Sabine Independent Seagoing Officers Assoc. v. Sabine Towing Transportation Co.,* 805 F.Supp. 430, 433 (E.D.Tex.1992).

7

Union's grievances under the collective bargaining agreement had not been submitted to arbitration in a timely fashion.[16] The relevant provision in the agreement provided that "[o]nly grievances ... which are processed ... within the time limits herein provided shall be subject to arbitration...."[17] Chevron argued that because of this express exclusion, the grievance which was allegedly filed late was not subject to arbitration under the agreement. In other words, the parties had agreed only to arbitrate grievances filed in a timely fashion and, therefore, it was within the court's reviewing power under *AT & T Technologies* to determine that this grievance was not subject to arbitration.

We disagreed and held that the issue of timeliness was within the arbitrator's jurisdiction.[18] The only exception to this general rule was "that a court "could deny arbitration only if it could confidently be said not only that a claim was strictly procedural, ... but also that it should operate to bar arbitration altogether ...' "[19] Chevron attempted to place itself in this rare category of cases but failed. We held that since there was some dispute as to the timing of the filing of the grievance at issue, the substantive claims were arbitrable and the procedural issue of timeliness

---

[16]*Id.* at 339.

[17]*Id.* at 339.

[18]*Id.* at 340.

[19]*Id.* at 341 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)).

8

should be decided by the arbitrator.[20]

Applying these concepts to the case before us, the question is whether the parties originally intended their claims to be subject to arbitration. If we answer positively, unless we find that the time bars cited by SBS will absolutely bar arbitration, we must deny SBS the declaratory judgment it seeks. From the broad language of the Customer Agreements it is clear that both SBS and the defendants intended to have "any controversy" arising between them resolved through arbitration. And while SBS's view that the time bars are prerequisites to the arbitrator's jurisdiction has some support, similar provisions have not been so interpreted by this Court. Rather, this Court has characterized them as part of the procedural requirements to arbitration and, as such, they are decision of the arbitrator. We hold, therefore, that the timeliness issues raised in this case are issues of procedural arbitrability and must be decided by the arbitrator.

This case does not fall into the narrow exception articulated in *Chevron* because there is some dispute as to the effect of the time bars. First, there is a some controversy as to when the last act or occurrence giving rise to the claims of Boone and Sherman took place. SBS contends that the last act was the last purchase by each customer, both of which took place over six years before filing. The defendants, however, allege that SBS continued to act fraudulently after the last purchases were made and within six years of the filing of the arbitration complaint. Furthermore, as

---

[20]*Id.* at 342.

to Sherman's alleged causes of action, the defendants contend that SBS cannot now oppose arbitration under the doctrine of judicial estoppel since SBS succeeded in staying an action by Sherman in Texas state court based on the compelled arbitration in the Customer Agreement.[21]  Finally, both Boone and Sherman argue that the time bars should be tolled since SBS engaged in fraudulent conduct which prevented the defendants from learning several important facts until after the six year post-purchase date.  Thus, there is substantial controversy over whether the time bars will act to bar the causes of action asserted by the defendants.  This Court cannot, under the narrow exception articulated in *Chevron,* prevent arbitration.

                              III.

The district court appropriately decided that the grievances raised by the defendants are subject to arbitration under the Customer Agreements.  Furthermore, the district court appropriately declined to decide the procedural issue of timeliness which, under Supreme Court and Fifth Circuit Court precedent, is a question for the arbitrator.  Accordingly, the decisions of the district court in this consolidated appeal are AFFIRMED.

_____

[21]Sherman also contends that the abatement by the Texas state court was actually an order to arbitrate the claims which would allow Sherman to by-pass NASD code section 15.  The district court, however, correctly characterized the abatement as a stay pending arbitration rather than a specific order to arbitrate.