**AMERICAN REALTY TRUST, INC., Appellant,**

v.

**JDN REAL ESTATE–McKINNEY, L.P., Appellee.**

No. 05–01–00488–CV.

Court of Appeals of Texas, Dallas.

April 10, 2002.

*State,* 825 S.W.2d 699, 701 (Tex.Crim.App. 1992).

Charles Imlay Appler, Bennett, Weston & LaJone, P.C., Dallas, for Appellant.

Paul E. Ridley, Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and RICHTER.

## OPINION

Opinion by Justice MOSELEY.

American Realty Trust, Inc. (ART) appeals the trial court's confirmation of an arbitration award in favor of JDN Real Estate–McKinney, L.P. (JDN). We conclude that if an agreement to arbitrate exists with respect to the subject matter of a certain dispute, "procedural" questions that are intertwined with the underlying facts of the dispute, including whether any contractually-based prerequisites to arbitration have been satisfied, are properly left to the arbitrator to decide. Therefore, we affirm the trial court's judgment.

### INTRODUCTION

ART, a Georgia corporation, and JDN, a Georgia limited partnership, entered into a written agreement concerning construction on a tract of land in McKinney, Texas. The parties escrowed funds to pay for the construction. If certain costs exceeded the amount escrowed, the agreement required the party responsible for paying that particular line item to contribute additional funds to the escrow account to cover the increased cost. When the parties disagreed over offered bids for the construction project and the amount of money each party was required to contribute to the escrow account, JDN demanded arbitration pursuant to the agreement.

ART claims that, thereafter, during the course of the arbitration, JDN sought to add new damage claims for cost overruns that had occurred in the course of the work on the construction project. ART objected to these claims, contending they were not properly before the arbitrator.

The arbitrator entered an award in favor of JDN that included the "new" claims relating to the cost overruns. ART filed a petition in the trial court seeking to vacate the award. In response, JDN filed an answer and a motion to confirm the award. After a hearing that was not recorded, the trial court confirmed the arbitration award. ART appealed and in three issues complains the trial court should not have implicitly found the arbitrator had jurisdiction over some of JDN's claims, the arbitrator could not determine his own jurisdiction, and the trial court failed to make findings of fact and conclusions of law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ ART requested the trial court to make findings of fact and conclusions of law under Texas Rule of Civil Procedure 296. *See* TEX.R. CIV. P. 296. However, ART did not file a notice of past due findings of fact and conclusions of law as required by rule 297. *See* TEX.R. CIV. P. 297. Therefore, ART has waived its ability to complain on appeal about the failure of the trial court to file findings of fact and conclusions of law. *See In re Guthrie*, 45 S.W.3d 719, 722 (Tex.App.—Dallas 2001, pet. denied). We overrule ART's third issue.

APPLICATION OF THE FEDERAL
ARBITRATION ACT

■ Before addressing the remainder of ART's issues, we must determine whether the federal or state arbitration act applies to this case. The Federal Arbitration Act (FAA) preempts all otherwise ap-

plicable state laws, including the Texas General Arbitration Act. *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 319 (Tex.App.—Dallas 1999, no pet.). The FAA applies if the arbitration clause is part of a written contract "evidencing a transaction involving commerce." 9 U.S.C.A. § 2 (West 1999). "Commerce" is construed broadly under the FAA and encompasses contracts relating to interstate commerce. *Thomas James Assocs.*, 1 S.W.3d at 319. The amount of commerce need not be substantial for the FAA to apply. *Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, Inc.*, 827 S.W.2d 103, 105 (Tex.App.—Austin 1992, writ denied). Here, two Georgia companies and a Texas corporation, acting as an escrow agent, entered into a contract calling for construction in Texas. We conclude the FAA applies to this dispute. *See In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127 (Tex.1999) (orig. proceeding) (per curiam) (finding contract involved interstate commerce where Texas business renovated apartments in Texas for Georgia owners).

STANDARD OF REVIEW

■ Because the FAA applies, federal law determines whether the dispute is arbitrable. *In re Gardner Zemke Co.*, 978 S.W.2d 624, 626–27 (Tex.App.—El Paso 1998, orig. proceeding). Under federal law, the trial court is responsible for determining two issues: (1) whether a party can be compelled to arbitrate under the contract, and (2) what issues a party agreed to arbitrate. *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1321 (5th Cir.1994). Under the FAA, any doubts as to whether claims fall within the scope of an agreement must be resolved in favor of arbitration. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex.1995).

We review de novo a trial court's confirmation of an arbitration award. *Thomas James Assocs.*, 1 S.W.3d at 320. However, because the trial court filed no findings of fact and conclusions of law, we presume it found any disputed fact issues in a manner necessary to support its judgment, and we affirm the judgment on any valid legal theory supported by the pleadings and evidence. *Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328, 331 (Tex.App.—Austin 2000, pet. denied). Additionally, like the trial court, we give strong deference to the arbitrator with respect to issues properly left to the arbitrator's resolution. *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 229 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

### JURISDICTION OF ARBITRATOR

In its first two issues, ART complains the trial court erred in implicitly finding the arbitrator had jurisdiction over some of JDN's claims and in allowing the arbitrator to determine his own jurisdiction. ART contends the arbitrator did not have jurisdiction to hear some of JDN's claims because, with respect to those claims, JDN did not make a written demand for additional funds or have ART approve the additional work. Therefore, ART contends, a "dispute" or "claim" did not exist between the parties as to those issues, as required by the arbitration agreement. Thus, as to these additional matters, a contractual prerequisite to ART's obligation to arbitrate did not exist. The parties do not dispute the validity of the arbitration clause in the contract; rather, they dispute the scope of the clause and what issues properly fall within its purview.

We agree with the abstract statement that an arbitrator may not determine his or her own jurisdiction. *See Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 752 (5th Cir.1995). Whether a party may be compelled to arbitrate a particular issue is a question of contract interpretation; thus, it is a question for a court to decide. *Babcock & Wilcox*, 863 S.W.2d at 229–30. However, if a court determines the parties have an obligation to submit the subject matter of a dispute to arbitration, "procedural" questions concerning the dispute and bearing on its final disposition are left to the arbitrator. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Such procedural questions include whether any contractually-based prerequisites to arbitration have been satisfied, at least when such issues are intertwined with the underlying facts of the dispute. *Del E. Webb Constr. v. Richardson Hosp. Auth.*, 823 F.2d 145, 149 (5th Cir.1987).

An arbitrator's jurisdiction is defined by the parties' contract. *Executone Info. Sys.*, 26 F.3d at 1323. A broad arbitration clause, purporting to cover all claims, disputes, and other matters relating to the contract or its breach, creates a presumption of arbitrability. *Lost Creek*, 827 S.W.2d at 105. In this case, the arbitration clause agreed to by ART and JDN reads:

> The parties shall make a good faith effort to settle *any dispute or claim arising under this Agreement*, including without limitations, any dispute as to the disposition of [sic] distribution of the Contributions. If the parties fail to resolve *a dispute or claim*, the parties, including the Escrow Agent, shall submit it to arbitration under the rules of the American Arbitration Association then in effect. Judgment on arbitration awards may be entered by any Court with appropriate jurisdiction.

(Emphasis added).

Generally, when deciding whether the parties agreed to arbitrate a matter, courts should apply ordinary state law principles governing the formation of contracts. *First Options of Chicago, Inc. v.*

*Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Courts also use ordinary principles of contract law to ascertain the true intentions of the parties as expressed in the entire contract. *Kline v. O'Quinn,* 874 S.W.2d 776, 782 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

 Words used in a contract should be given their plain grammatical meaning unless it definitely appears such a meaning would defeat the intentions of the parties. *Id.* A "dispute" is a controversy, debate, or quarrel. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 655 (1981). A "claim" is a request or demand. *Id.* at 414. A reasonable construction of the arbitration clause is that the parties intended for the words "dispute" and "claim" to be given their plain grammatical meaning.

Using the plain grammatical meaning of the words, the parties here have a "dispute" concerning a "claim." Thus, the trial court could have found the controversy between ART and JDN should be arbitrated because, under the parties' agreement, the arbitrator had been given jurisdiction to hear "a dispute or claim."

ART argues paragraph 5 of the agreement limits the definition of a "dispute" or "claim." This argument is unpersuasive. Paragraph 5 reads:

> JDN and American [ART] have simultaneously with the execution of this Agreement made certain contributions ("Contributions") delivered to the Escrow Agent for the payment for Work in the amount of and for the purposes set forth on the attached Exhibit "E". If any particular line item of cost exceeds the amount reflected on Exhibit "E", the party responsible for the payment of such cost as denoted on Exhibit "E" will contribute the additional funds needed within fifteen (15) days following the written request of the other party.

The agreement does not define, in paragraph 5 or elsewhere, the words "dispute"

or "claim." Further, once the trial court properly determined (1) the parties had an agreement to arbitrate and (2) the subject matter of the dispute fell within that arbitration agreement, compliance with any contractually-based prerequisites to arbitration, such as the existence of a written demand or whether the parties worked in good faith to resolve their disputes, fell to the arbitrator to decide. *See Executone Info. Sys.,* 26 F.3d at 1321; *Del E. Webb Constr.,* 823 F.2d at 149.

Although the arbitrator could not determine his own jurisdiction, the trial court could have concluded, as do we, that the controversies between ART and JDN fell within the scope of the arbitration clause. *See Smith Barney Shearson,* 47 F.3d at 752. Thus, the trial court properly allowed the arbitrator to decide whether any contractually-based prerequisites to arbitration were satisfied. *See Del E. Webb Constr.,* 823 F.2d at 149. Therefore, we overrule ART's first two issues.

Having overruled each of ART's issues on appeal, we affirm the judgment of the trial court.