COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-304-CV

 

MICHAEL J.
HENDRICKS                                                               APPELLANT

 

   V.

 

GAYNELL HENDRICKS                                                                  APPELLEE



 

                                              ------------

 

            FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      

Appellant
Michael J. Hendricks appeals the trial court=s final
decree of divorce.  In two points,
Michael contends that the trial court abused its discretion by granting an
inequitable division of the community property and erred by refusing to file
requested findings of fact and conclusions of law.  We will affirm.

 








 

I.  Factual and
Procedural Background

Michael
married Appellee Gaynell Hendricks in 1998 and filed a petition for divorce in
2003.  Michael and Gaynell owned and
lived in a Flower Mound, Texas home (the AFlower
Mound home@), but Michael was primarily
responsible for paying the mortgages, and Gaynell was primarily responsible for
paying bills associated with the home. 
Michael and Gaynell also owned a duplex in Pennsylvania (the APennsylvania
duplex@) that
they rented out, but Michael was responsible for paying its mortgage. 








Prior to
and throughout the marriage, MichaelCwho
attained an MBA degreeCworked as a traveling computer
consultant on a contract-by-contract basis making approximately $11,000 to
$12,000 gross income per month.[2]  But Michael=s
employment was tenuous, causing him to endure periods of unemployment spanning
up to six months out of the year.[3]  Prior to and throughout the marriage, GaynellCwho
attained a high school diplomaCworked
as a flight attendant for American Airlines making somewhere between $22,000
and $30,000 per year.  But like Michael,
she was also unable to work for substantial periods of time because of back
injuries and medical treatment for anemia and fibrous tumors.  When Michael filed for divorce, Gaynell was
on unpaid leave from her flight attendant job due to her back injuries.  A few months prior to Michael filing for
divorce, however, Gaynell had started her own promotions companyCA-1
Promotions PlusCin which she sold hats, shirts,
sweatshirts, and seat mats to and for various Flower Mound High School groups,
but had failed to turn a profit in this venture at the time of divorce.  

Citing
insupportability, Michael filed for divorce in May 2003.  The trial court held a temporary hearing and
thereafter ordered that Michael pay $1,000 per month in temporary spousal
maintenance.  The court subsequently held
two final hearings and ultimately entered its final decree of divorce on
grounds of insupportability.  








In the
final decree, the trial court awarded Michael 25% of the proceeds from the sale
of the Flower Mound home, ownership and possession of the Pennsylvania duplex,
two bank accounts in his name, a CNG pension account,  a Merrill Lynch IRA and SEP, an Acura, his
business, a Nissan vehicle, his wedding ring, and the contents of a storage
unit.  The decree also awarded Michael
the following debts: 100% of the balance due on promissory notes for the Flower
Mound home, 100% of the balance due on the promissory note for the Pennsylvania
duplex, 100% of the balance due on the promissory note for the Acura awarded to
him, 100% of the balance due on the promissory note for the Nissan vehicle
awarded to him, 100% of the balance due on credit cards in Michael=s name
(approximately $3,100), an outstanding phone bill, approximately $2,100 in
unpaid utilities on the Flower Mound home, $8,500 in spousal support arrearage,
and $7,400 in past due medical plan benefits.

The
divorce decree awarded Gaynell 75% of the proceeds from the sale of the Flower
Mound home, an itemized list of furniture, goods, fixtures, and equipment in
that home, a checking account in her name, her American Airlines pension plan,
a Ford Expedition, her business, two dogs, $2,000 from Michael for medical
expenses, and $5,000 from Michael for attorney=s
fees.  The divorce decree also awarded
Gaynell the following debts: 100% of the balance due on the promissory note for
the Ford Expedition awarded to her and 100% of the balance due on certain
credit cards (approximately $21,222.11). 








Michael
filed a request for findings of facts and conclusions of law, but the trial
court failed to enter any within the twenty-day deadline. See Tex. R. Civ. P. 297.  Michael then filed a notice of past due
findings of fact and conclusions of law, but the trial court again failed to
enter the requested findings and conclusions.  Michael then timely filed his notice of
appeal, and this appeal ensued.[4]


II.  Just and
Right Division

In his
first point, Michael contends that the trial court erred by ordering an
inequitable division of community property without proper evidence.  Gaynell, however, asserts that the trial
court=s
division of the marital estate was equitable, just, and supported by evidence
in the record.  

We
review the trial court=s division of the marital estate
under an abuse of discretion standard.  Vardilos
v. Vardilos, 219 S.W.3d 920, 921 (Tex. App.CDallas
2007, no pet.).  Absent an abuse of
discretion, the trial court=s
division of the marital estate will not be disturbed on appeal.  See Ohendalski v. Ohendalski, 203
S.W.3d 910, 914 (Tex. App.CBeaumont
2006, no pet.). 








Section
7.001 of the family code states that a trial court shall order a division of
the marital estate that it deems just and right.  Tex.
Fam. Code Ann. ' 7.001 (Vernon 2006).  A trial court=s division
of the marital estate need not be equal. 
Twyman v. Twyman, 855 S.W.2d 619, 625 (Tex. 1993).  But a disproportionate division must have a
reasonable basis.  Smith v. Smith,
143 S.W.3d 206, 214 (Tex. App.CWaco
2004, no pet.).  If there is some
evidence of a substantive and probative character to support the decision, the
trial court does not abuse its discretion by ordering an unequal division of
the marital estate.  See Ohendalski,
203 S.W.3d at 914; Moroch v. Collins, 174 S.W.3d 849, 857 (Tex. App.CDallas
2005, pet. denied); In re Marriage of Jeffries, 144 S.W.3d 636, 640
(Tex. App.CTexarkana 2004, no pet.).

A.     Evidence Supporting the Trial Court=s
Division

Michael
principally argues that awarding Gaynell 75% of the proceeds from the sale of
the Flower Mound home and Aall the
additional property awarded to her,@ while
simultaneously awarding him 100% of the balance on the mortgages on the Flower
Mound home and Anothing  of equal value@ to that
awarded Gaynell in return, was an abuse of discretion.  Gaynell contends that there was ample
evidence in the record to support the trial court=s
division.  The record supports Gaynell=s
position.













The
record reveals evidence demonstrating a disparity between the education levels
of Michael, who obtained an MBA, and Gaynell, who obtained a high school
diploma, a disparity between their past earnings, and a disparity between their
future earning potential due to Gaynell=s back
injuries.  The record demonstrates that
the trial court heard testimony that those back injuries may have been agitated
by an alleged assault[5]
that Michael committed against Gaynell prior to filing for divorce.[6]  The record also reveals that Michael had been
delinquent on court-ordered temporary support payments on at least ten
occasions, had engaged in extramarital affairs prior to filing for divorce, had
paid for trips with other women during the marriage, and, prior to the alleged
assault that the trial court heard about and the Virginia court found Michael
not guilty of, had punched Gaynell in the face and had thrown her into a
fireplace.         Although Michael argues that he was awarded nothing of equal
value to that awarded to Gaynell, the trial court was not required to make an
equal division of the marital estate.  See
Twyman, 855 S.W.2d at 625. 
Notwithstanding the absence of such a requirement, the trial court
awarded Michael the Pennsylvania duplex, which he could either occupy himself
or continue renting out to offset the mortgage payments owed thereon, and left
Gaynell without a home.  The trial court
also awarded Michael two vehicles, one of which was leased in his company=s name
and the other which was free and clear of any debt, and essentially left
Gaynell without a car by awarding her the Ford Expedition, which Gaynell
testified would have to be returned to her mother in Pennsylvania because of
her inability to make the payments on it. 
While the trial court awarded Michael 100% of the promissory notes on
both the Flower Mound home and the Pennsylvania duplex, Michael and Gaynell
both testified that Michael always paid those notes with his own earnings
during the marriage.  And the trial court
awarded a greater amount of credit card debt to Gaynell by awarding her
approximately $21,000 in credit card debt, including debts owed on credit cards
solely in Michael=s name, and only awarding
approximately $3,000 in credit card debt to Michael.  

After
reviewing the record, we hold that there was some evidence of a substantive and
probative character to support the decision to award Gaynell a disproportionate
amount of the marital estate.  See
Vardilos, 219 S.W.3d at 921; Moroch, 174 S.W.3d at 857.    Accordingly, we hold that the trial court
did not abuse its discretion in dividing the marital estate.

 








 

B.     Missing Reporter=s Record

Also in
his first point, Michael contends that he was prejudiced by the lack of a
proper record Adue to the disappearance of a
Court reporter.@ 
See Tex. R. App. P.
34.6(f).  Gaynell argues that by failing
to show that any omitted portion of the record was Anecessary
to the appeal=s resolution,@ Michael
has failed to demonstrate that he is entitled to a new trial. 








Rule
34.6(f) of the Texas Rules of Appellate Procedure states that an appellant is
entitled to a new trial if (1) he timely requested the reporter=s
record, (2) a significant exhibit or portion of the reporter=s notes
and records has been lost, destroyed, or is inaudible, (3) that exhibit or
portion is necessary to the appeal=s
resolution, and (4) that exhibit or portion cannot be replaced by agreement of
the parties or a copy determined by the trial court to accurately duplicate
with reasonable certainty the original exhibit. 
Id.  In accordance with
this rule, the appellant bears the burden of proving that (1) a significant
portion of the record was lost or destroyed, (2) through no fault of his own,
(3) that the missing portion is necessary for his appeal, and (4) the parties
cannot agree on the record.  See
Routier v. State, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003), cert.
denied, 541 U.S. 1040 (2004); Dunn v. Bank-Tec S., 134 S.W.3d 315,
329 (Tex. App.CAmarillo 2003, no pet.).  An appellant fails to satisfy rule 34.6(f)
when he fails to show that the missing portion of the record is necessary to
his appeal.  Routier, 112 S.W.3d
at 571-72.

Michael
asserts only that he is Aprejudiced by the lack of a
proper record due to the disappearance of a Court reporter.@  He makes no further argument specifying what
portion of the record is missing or why that portion of the record is necessary
to his appeal.  Accordingly, we
hold that Michael failed to satisfy rule 34.6(f) and is therefore not entitled
to a new trial.  See id. (holding
that appellant was not entitled to new trial where she failed to demonstrate
that missing portion of record was necessary to resolution of appeal); Young
v. Neatherlin, 102 S.W.3d 415, 423 (Tex. App.CHouston
[14th Dist.] 2003, no pet.) (same).

We
overrule Michael=s first point.

III.  Findings
of Fact and Conclusions of Law Argument Waived

In his
second point, Michael argues that the trial court erred by refusing to make
findings of fact and conclusions of law despite his requests for them.  Gaynell argues that the trial court=s
failure to make findings and conclusions was not harmful because there is ample
evidence in the record to support the trial court=s
judgment.  








Civil
procedure rule 296 states that a party may request findings of fact and conclusions
of law, but that such request must be filed within twenty days after the final
judgment is signed.  Tex. R. Civ. P. 296.  Rule 297 requires that the trial court file
those requested findings and conclusions within twenty days of a timely
request.  See Tex. R. Civ. P. 297.  But when the trial court fails to adhere to
that twenty-day deadline, the requesting party Ashall,
within thirty days after filing the original request,@ file a
notice of past due findings of fact and conclusions of law.  Id. 
When a party fails to file a notice of past due findings of fact and
conclusions of law within thirty days of filing its initial request, it is as
if the party made no initial request, and any complaint about the trial court=s failure
to file findings and conclusions is waived. 
See In re A.I.G., 135 S.W.3d 687, 694 (Tex. App.CSan
Antonio 2003, no pet.); Am. Realty Trust, Inc. v. JDN Real EstateCMcKinney,
L.P., 74 S.W.3d 527, 530 (Tex. App.CDallas
2002, pet. denied).  








Here,
the trial court signed the final divorce decree on May 12, 2005.  Michael=s
request for findings of fact and conclusions of law, filed on May 24, was
therefore within the twenty-day deadline for filing such requests.  See Tex.
R. Civ. P. 296.  The trial court
had until June 13 to file those findings and conclusions, and Michael had until
June 23Cthirty
days from the time the original request was filedCto file
a notice of past due findings of fact and conclusions of law.  See Tex.
R. Civ. P. 297.  Michael filed his
notice of past due findings and conclusions on July 7Cfourteen
days after the deadline for filing such notice. 
See id.  Because Michael
failed to file his notice of past due findings and conclusions by the deadline,
it is as if he made no initial request, and his complaint about the trial court=s
failure to file findings and conclusions is waived.  See In re A.I.G., 135 S.W.3d at 694; Am.
Realty Trust, Inc., 74 S.W.3d at 530. 
We therefore overrule his second point.

IV.  Conclusion

Having
overruled Michael=s first and second points, we
affirm the trial court=s judgment.

 

                        SUE WALKER

                        JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and WALKER, JJ.

 

 

DELIVERED: July 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]The record also reflects
that Michael may have earned up to $250,000 in some years.  





[3]He was unemployed for
approximately four to five months during the year before filing for divorce,
for three to four months during the year prior to that, and for approximately
six months during the year prior to that. 





[4]We note that although the
original notice of appeal was filed in August 2005, a lengthy delay in
obtaining the entire reporter=s record prevented Appellant and Appellee from
submitting their briefs to this court until February and April 2007.  





[5]Although copies of the
Virginia trial court order finding Michael not guilty of these assault charges
and the Virginia trial court order expunging the assault charges from Michael=s record are attached to
Michael=s reply brief filed with
this court, nothing in the clerk=s or reporter=s record indicates that the trial court was made
aware of these two documents even though the not guilty verdict was rendered
before the trial court entered its final decree.  In fact, the record reflects that both before
and after the not guilty verdict, the trial court heard Gaynell=s testimony that her back
injuries were made worse by this alleged assault. 





[6]In his reply brief,
Michael argues that Gaynell and her counsel committed perjury by utilizing
fabricated assault charges.  We note that
whether Gaynell or her counsel committed perjury is not an issue before us in
our review of whether the trial court abused its discretion in its division of
the marital estate, nor is the alleged perjury an issue on which this court can
grant relief.