**AFFILIATED PATHOLOGISTS, P.A., Appellant**

v.

**Edgar G. McKEE, Appellee.**

No. 05–05–00910–CV.

Court of Appeals of Texas, Dallas.

Aug. 25, 2008.

R. Brent Cooper, Diana L. Faust, Devon Joy Singh, Cooper & Scully, P.C., Dallas, R. William Wood, Grace Ann Weatherly, Grace Ann Weatherly, Wood, Thacker & Weatherly, Denton, for Appellant.

Stephen C. Rasch, Richard B. Phillips, Jr., Scott Patrick Stolley, Thompson & Knight, L.L.P., Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion by Justice BRIDGES.

Affiliated Pathologists, P.A., appeals the trial court's order confirming an arbitration award in favor of Edgar G. McKee. In three issues, Affiliated argues the trial court erred in (1) failing to confirm a 1998 arbitration award[1], (2) vacating a 1998 arbitration award, and (3) failing to vacate a 2004 arbitration award. We affirm the trial court's judgment.

McKee began working for Affiliated in 1976. In 1995, McKee left Affiliated and began his own practice. Litigation arose following Mckee's departure, with Affiliated raising claims related to a covenant not to compete in McKee's employment contract and McKee raising claims that he was entitled to "separation pay" under the contract. In October 1997, in the 362nd

---

1. The arbitration awards are under the Texas arbitration statute.

District Court of Denton County, the parties entered into a settlement agreement whereby they agreed to arbitrate Affiliated's claims under the non-competition provisions of McKee's employment contract and McKee's claims for separation pay. In September 1998, the matter proceeded to arbitration in Dallas County, and the arbitrators entered an award of approximately $1.4 million to McKee on his separation pay claim and approximately $500,000 to Affiliated on its claim for damages. On October 13, 1998, McKee filed a motion to dismiss for lack of jurisdiction and motion to transfer venue to Dallas County. McKee's October 13, 1998 pleading also requested the court to confirm the arbitration award in its entirety or, if the court found good cause to vacate any portion of McKee's award, to "consider his Application to Vacate Arbitrator's Award as it pertains to [Affiliated's] award." On October 19, 1998, Affiliated filed in Denton County its first amended application for entry of judgment on the arbitrators' award of $519,744 in favor of Affiliated and motion to have the arbitrators' award in favor of McKee vacated. After denying McKee's motion to transfer venue, the trial court eventually granted summary judgment for Affiliated based on res judicata and rendered judgment that McKee take nothing on his counterclaim to confirm the arbitration award. McKee appealed. The Fort Worth court of appeals determined that Dallas County was the proper venue for motions to confirm or vacate the award. On remand, the case was transferred to Dallas County.

After the case was transferred to Dallas County in June 2001, Affiliated filed a motion for summary judgment in which it moved the trial court to "sign an order vacating the Arbitration Award" from 1998. In December 2002, the trial court vacated "the Arbitration Award signed by the arbitrators on September 1, 2, & 3, 1998, respectively," and ordered the parties to arbitration consistent with the terms of the parties' settlement agreement. The case proceeded to arbitration and, in October 2004, the arbitrators awarded McKee $1,355,570 and nothing to Affiliated. McKee then filed a motion to confirm the arbitration award. Affiliated filed a responsive pleading in which it argued, among other things, that venue was proper in Denton County and McKee's claim was barred by res judicata.[2] In a subsequent amended answer, Affiliated claimed it was entitled to an offset of $519,744, the amount awarded to Affiliated in the 1998 arbitration. The trial court denied the relief sought by Affiliated and granted McKee's motion to confirm the 2004 arbitration award. This appeal followed.

■ In its first and second issues, Affiliated argues the trial court erred in failing to confirm the 1998 arbitration award of $519,744 to Affiliated because (1) neither McKee nor Affiliated moved within the statutory deadline to vacate the 1998 award and (2) the trial court's dismissal of the 1998 award exceeded the relief requested by the pleadings and summary judgment motions of both parties. In making this argument, Affiliated relies on section 171.088 of the civil practice and remedies code, which provides that a party seeking to vacate an arbitration award must make an application not later than the 90th day after the date of delivery of a copy of the award to the applicant. TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(b) (Vernon 2005).

The 1998 arbitration award was signed on September 1, 2, and 3, 1998 by each of

---

**2.** These issues were disposed of by the Fort Worth court of appeals. *See McKee v. Affiliat-* ed Pathologists, P.A., No. 2–99–316–CV (Tex. App.-Fort Worth March 1, 2001).

the arbitrators in turn. On October 13, 1998, McKee filed a motion in which, among other things, he requested the Denton County court to "consider his Application to Vacate Arbitrator's Award as it pertains to [Affiliated's] award." On October 19, 1998, in the Denton County action, Affiliated filed its application for judgment on the favorable portion of the award and application to vacate the award to the extent it was favorable to McKee on the basis that the arbitrators exceeded their powers. Both sides filed motions to vacate the award within ninety days of the award. *See id.* Thus, the parties did not fail to timely move to vacate and the Dallas County trial court's failure to confirm the 1998 arbitration award on the basis argued by Affiliated was not error. We overrule Affiliated's first issue.

■ Because the record thus shows both parties requested that the court vacate the arbitration award as to the other party's recovery, it appears the trial court did not exceed the relief requested in ultimately vacating the entire 1998 award, as Affiliated argues in its second issue. Moreover, Affiliated's actions before the trial court supported the relief ordered. After the underlying case proceeded in Dallas County, Affiliated filed a motion for summary judgment in which it moved the trial court to "sign an order vacating the Arbitration Award" from 1998. In December 2002, the trial court, in an order drafted by Affiliated, vacated "the Arbitration Award signed by the arbitrators on September 1, 2, & 3, 1998, respectively," and ordered the parties to arbitration consistent with the terms of the parties' settlement agreement.

■ McKee objected to the order, in part, on the grounds that he was not given an opportunity to complain about the form and content of the order, the order purported to be a final, appealable judgment, and the order to re-arbitrate was "problematic, if not impossible, due to the death of a necessary witness." In response to McKee's motion for new trial, Affiliated filed a response in which it concluded the trial court "properly granted summary judgment in favor of APPA, vacated the arbitration award, and denied summary judgment in favor of McKee." The trial court denied McKee's motion for new trial. Thus, the record shows Affiliated moved to vacate the 1998 arbitration award, in part, within ninety days of the award. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(b) (Vernon 2005). Then, Affiliated drafted an order, which the trial court signed, vacating the 1998 award in its entirety. In response to McKee's objection following the signing of the order, Affiliated responded that it was proper to vacate the arbitration award. A party that asks for a certain type of relief cannot complain on appeal if that relief is granted. *Recognition Comm'ns, Inc. v. Am. Auto. Ass'n, Inc.*, 154 S.W.3d 878, 888 (Tex.App.-Dallas 2005, pet. denied). We overrule Affiliated's second issue.

In its third issue, Affiliated argues the trial court erred in failing to vacate the 2004 arbitration award. Specifically, Affiliated argues the arbitration panel refused to hear material evidence of the circumstances surrounding the execution of McKee's employment agreement and addendum because the panel incorrectly determined that the addendum is unambiguous. TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(C) (Vernon 2005) (court shall vacate arbitration award if arbitrators refused to hear evidence material to controversy).

■ We review de novo a trial court's confirmation of an arbitration award. *Am. Realty v. JDN Real Estate–McKinney*, 74 S.W.3d 527, 531 (Tex.App.-Dallas 2002, pet. denied). However, our review of an arbitration decision is "extremely narrow"

because Texas law favors arbitration. *Universal Computer Sys. v. Dealer Solutions*, 183 S.W.3d 741, 752 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). An arbitration award has the same effect as the judgment of a court of last resort,[3] and a reviewing court may not substitute its judgment for that of the arbitrators merely because it would have reached a different result. *Id.* Because arbitration is favored as a means of dispute resolution, every reasonable presumption must be indulged to uphold the arbitrators' decision, and none is indulged against it. *Id.* Review is so limited that a court may not vacate an arbitration award even if it is based upon a mistake of fact or law. *Id.* Although our review is de novo, we must give strong deference to the arbitrator and are not free to correct the arbitration award. *Int'l Bank v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 42 (Tex.App.-Corpus Christi 1998, pet. denied).

Whether contractual ambiguity exists is likewise a question of law. *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781(Tex.2006). If a contract is ambiguous, a fact issue exists on the parties' intent. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). In determining whether a contract is ambiguous, we look to the contract as a whole, in light of the circumstances present when the contract was executed. *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 627 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). A contract is not ambiguous if it can be given a certain or definite meaning as a matter of law. *Id.* In this situation, the contract will be enforced as written, and parol evidence will not be admitted for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports. *Univer-*

*sal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (1951).

Here, the employment agreement addendum at issue governed the payment of separation pay to McKee. The addendum defined its terms, stated a schedule of payments for amounts under the addendum, and provided a formula for calculating termination pay based on a stated amount of $43,517, plus or minus McKee's allocated portion of the increase or decrease of the company's value. Affiliated argued during the underlying arbitration that the addendum was ambiguous. However, the arbitrators rejected this argument. Having reviewed the addendum, we cannot conclude the arbitrators erred in determining it was unambiguous. *See id.* Accordingly, no fact issue existed as to the parties' intent in entering into the addendum, and any extrinsic evidence concerning the parties' intent was not "material evidence" that should have been heard during the arbitration proceedings. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.088(a)(3)(C) (Vernon 2005); *Columbia Gas*, 940 S.W.2d at 589; *Universal Computer Sys.*, 183 S.W.3d at 752.

Further, the record reflects that the evidence Affiliated complains was excluded was either admitted during the arbitration proceedings or no objection was raised before the arbitrators. Affiliated argues, however, that the arbitrators based their decision only on a part of the evidence presented and then only admitted additional evidence for record purposes. Thus, Affiliated argues, the arbitrators excluded material evidence because they did not take it into consideration in making their determination. However, the record shows the arbitrators either admitted the evidence which Affiliated argues the arbi-

---

**3.** This is because "[s]ubjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of ar-

bitration as an efficient, economical system for resolving disputes." *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex.2002).

trators refused to hear or no objection was raised to the admission of the evidence. On the contrary, the record indicates the arbitrators heard the evidence but remained unpersuaded by it. We conclude this is not an exclusion of material evidence as contemplated by section 171.088(a)(3)(C) of the civil practice and remedies code. We overrule Affiliated's third issue.

We affirm the trial court's judgment.