# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00139-CV

**Jerry Sharpe, Appellant**

**v.**

**Angela McDole, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-FM-02-003442, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jerry N. Sharpe challenges a protective order entered against him for the
violation of a prior protective order pursuant to the Texas Family Code. *See* Tex. Fam. Code Ann.
§ 85.002 (West 2008). We affirm.

Following his marriage to Angela McDole in 2000 and the entry of an agreed final
decree of divorce in 2003, appellant and McDole continued a relationship off and on until
mid-July 2006. In November 2006, McDole sought and obtained a family violence protective order
that was to expire on November 29, 2008. On or about November 24, 2008, McDole applied for a
new two-year protective order based on a "continuing threat of family violence in the future" and
violations of the existing protective order. At a hearing on December 23, 2008, the trial court heard
evidence of Sharpe's violation of the November 2006 protective order. Both Sharpe and McDole
testified that Sharpe had been to McDole's house while the protective order was in effect. Sharpe

testified that he understood the visits were a violation of the order. The court found that Sharpe had violated the existing order "[o]n different days and in different ways."

Responding to appellant's argument that he violated the order because his ex-spouse was lying and he was trying to tape her to reveal her lies, the court concluded that Sharpe "chose to violate the order" by going to McDole's home and granted the application to extend the protective order for two years. Based on Sharpe's violation of the prior protective order, the court entered a two-year protective order against Sharpe prohibiting him from, among other things, going within 200 yards of McDole, possessing firearms, and threatening McDole. At a hearing on a motion for new trial, Sharpe argued that McDole had lied to get the protective order and was abusing the process of the protective order to gain an advantage in a custody proceeding relating to their child of the marriage.[1] Sharpe again acknowledged that he had violated the protective order:

> And you know, they're going to say, Well, you know–they–the whole deal is I broke the protective order, and I did. And I admitted it right off the get-go, Your Honor, but there was a reason for it. I didn't have any choice, because they were believing every word she said. I had to record her to prove my innocence.

The district court denied the motion for new trial and Sharpe appeals.

## DISCUSSION

Sharpe argues that the evidence is legally and factually insufficient in various respects to support the trial court's judgment. A legal sufficiency challenge may only be sustained when

---

[1] The record indicates that custody and visitation are the subject of separate modification proceedings which are not before this Court.

2

(1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could, and disregard evidence contrary to the finding unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

Anything more than a scintilla of evidence is legally sufficient to support the finding. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *Rocor Int'l, Inc. v. National Union Fire Ins. Co.*, 77 S.W.3d 253, 262 (Tex. 2002).

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered. We examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *See Southwestern Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 631 (Tex. 2004). The trier of fact is the sole judge of the weight and credibility of the witnesses' testimony and we may set aside the challenged

3

finding only if it is so contrary to the overwhelming weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

Because this was a bench trial without findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

Sharpe argues that the application for the protective order "did not contain the description of threatened harm required by Tex. Fam. Code Ann. § 82.0085," that the trial court did not find that Sharpe had violated the protective order by committing an act prohibited by the order as provided by Section 85.022, and that the trial court erred by reciting its findings of fact in the protective order.

The procedure for rendering a protective order for the commission of acts in violation of an existing protective order is set forth in section 85.002 of the family code:

> If the court finds that a respondent violated a protective order by committing an act prohibited by the order as provided by Section 85.022, that the order was in effect at the time of the violation, and that the order has expired after the date that the violation occurred, the court, *without the necessity of making the findings described* by Section 85.001(a), shall render a protective order as provided by Section 85.022 applying only to the respondent and may render a protective order as provided by Section 85.021.

Tex. Fam. Code Ann. § 85.002 (emphasis added). In McDole's application for the extended protective order, she alleged that "Respondent has engaged in conduct that constitutes family

4

violence, and such conduct constitutes a continuing threat of family violence in the foreseeable future. Respondent has violated a previous protective order by committing an act prohibited by the order while the order was in effect." She further alleged that she was in fear of further harm and sought an order that, among other things, appellant be prohibited from coming within 200 yards of her. In an affidavit attached to her application, she set forth four violations of the existing protective order. Testimony at the December 23 hearing showed that Sharpe had violated–and admitted to violating–the prior order during the period it was in effect. Sharpe did not object to lack of notice concerning the alleged violation.

At the hearing, the trial court observed that Sharpe had violated the prior protective order by failing to maintain the required distance from McDole in violation of the existing protective order. Following the hearing, a protective order was entered. In a section of the form protective order reciting "findings," a box next to a recitation was checked indicating "There was a previous protective order, which has expired, and the Respondent violated the previous protective order while it was in effect." By finding both at the hearing and in the order that Sharpe had violated the previous protective order while it was in effect, the trial court made the requisite finding, was not required to issue further findings, and the finding of violation was properly included in the protective order. Appellant's first and second issues are overruled.

Although Sharpe also asserts that he is entitled to findings of fact, he failed to request them. Civil procedure rule 296 provides that, in a bench trial, a party may request findings of fact and conclusions of law. Tex. R. Civ. P. 296. Upon a timely request, the trial court is required to file such findings of fact and conclusions of law. Tex. R. Civ. P. 297. When a party fails to request

5

findings of fact and conclusions of law, any complaint about the trial court's failure to file findings and conclusions is waived. *In re A.I.G.*, 135 S.W.3d 687, 694 (Tex. App.—San Antonio 2003, no pet.); *American Realty Trust, Inc. v. JDN Real Estate-McKinney*, *L.P.*, 74 S.W.3d 527, 530 (Tex. App.—Dallas 2002, pet. denied).

In this case, no findings of fact and conclusions of law were requested, and none were filed by the trial court. Sharpe did not make a proper initial request for findings under rule 296. Even if Sharpe had made a proper request under rule 296, his complaint on appeal would be deemed waived because he did not file a notice of past due findings. *See In re A.I.G.*, 135 S.W.3d at 694. To the extent that Sharpe confuses findings of fact and conclusions of law with a finding in the protective order that he violated the prior protective order, this claim is without merit. Appellant's fourth issue is overruled.

Sharpe next claims that there is no evidence to support the trial court's order requiring him to pay attorney's fees and also that the trial court erred in failing to grant his motion for new trial for this reason. We disagree. Section 81.005 provides that in setting the amount of attorney's fees, "the court shall consider the income and ability to pay of the person against whom the fee is assessed." Tex. Fam. Code Ann. § 81.005(b) (West 2008). At the hearing, the assistant county attorney testified concerning attorney's fees. Although she acknowledged that "reasonable fees for these types of cases can range into the thousands," she sought nominal attorney's fees of $300. Upon being given an opportunity to cross examine the assistant county attorney on the issue of attorney's fees, Sharpe declined the opportunity. Sharpe offered no controverting evidence concerning attorney's fees. Nor did he offer any evidence as to his ability to pay an assessment of

6

attorney's fees. In the protective order, the trial court ordered Sharpe to "pay nominal attorney's fees in the amount of $300.00" to the Travis County Attorney's Office. Although the record is slight, we find there is some evidence to support the trial court's finding. *See Ford v. Harbour*, No. 14-07-00832-CV, 2009 Tex. App. LEXIS 1796, at *17-18 (Tex. App.—Houston [14th Dist.] March 17, 2009, no pet.) (mem. op.) (appellant had burden to come forward with evidence on attorney's fees if he wanted trial court to consider his ability to pay). Appellant's third and eighth issues are overruled.

Sharpe next asserts that the trial court erred in granting relief beyond that sought by the application for a protective order and that he was denied due process for that reason and because the trial court failed "to render findings." Specifically, he complains of handwritten insertions in the order regarding custody and visitation and the surrender of his firearms and a provision regarding a family violence assessment requiring him to execute a waiver allowing the release of information to the county attorney's office. Although these provisions were generally sought in the application for protective order, a trial court "may order the person found to have committed family violence to perform acts specified by the court that the court determines are necessary or appropriate to prevent or reduce the likelihood of family violence." Tex. Fam. Code Ann. § 85.022 (West Supp. 2009). And the provisions of section 85.022 expressly allow for the court to order the respondent to perform the acts that are included in the protective order that is the subject of this appeal. *Id*.

The protective order was rendered after a hearing. At both the initial hearing and at a hearing on the motion for new trial, Sharpe admitted that he violated the prior protective order by "[g]etting closer than the 200 yards that I was ordered to stay away from her." The trial court

explained that the only showing required by the statute was that a violation of the prior protective order be shown: "And by your own admission, you violated it." No further findings of family violence are required. *See id*. § 85.002. (upon finding that a prior protective order has been violated "the court, *without the necessity of making the findings required by Section 85.001(a)*, shall render a protective order) (emphasis added). Appellant's fifth and seventh issues are overruled.

In his sixth issue, Sharpe asserts that the trial court erred in the issuance of the protective order because applicant McDole "did not have clean hands." Arguing the equitable nature of the remedy sought, Sharpe complains that McDole was complicitous because she, too, testified that she disobeyed the original protective order entered against Sharpe. Appellant argues, "Since Appellee *violated the original protective order*, Appellee's conduct in seeking a second protective order against Appellant on the sole basis that Appellant allegedly also violated the original protective order was unconscientious, unjust, marked by a want of good faith, and violated the principles of equity and righteous dealing." The original protective order was entered against Sharpe on November 29, 2006. Pursuant to Section 85.026, no person may give permission to anyone to violate the terms of the protective order. Tex. Fam. Code Ann. § 85.026 (West 2008).

At the December 23, 2008 hearing, Sharpe acknowledged that he had received a copy of the original protective order. He responded as follows to the assistant county attorney's questions:

Q: Did you have an opportunity to read the protective order once you were served with it?

A: Yes, ma'am.

8

Q:      And specifically, did you have an opportunity to read the second-to-last page that says, "No person, including a person who is protected by this order may give permission to anyone to ignore or violate any provision of this order"?

A:      Yes, ma'am.

Sharpe then admitted to violating the order by going to McDole's house. Sharpe admitted that there were several occasions on which he went to McDole's house and that he understood the visits were in violation of the protective order. Section 85.002 is predicated on a violation by the *respondent* of an existing protective order. That section provides that if the court finds that the respondent has committed an act in violation of the existing protective order, the court "shall render a protective order" without the necessity of making additional findings that family violence has occurred or is likely to occur. *Id*. § 85.002. In a hearing on an application for an extension of a protective order, then, the relevant issue is whether the respondent violated the original protective order—not the applicant. Thus, it is the respondent's conduct that is at issue here. Appellant's seventh issue is overruled.

## CONCLUSION

Applying the appropriate standards of review, we conclude that the evidence is legally and factually sufficient to support the trial court's findings in this case and we affirm the entry of the protective order.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   May 19, 2010

10